Leona CLADE and Clade Enterprises, Inc., d/b/a Ruth's Chris Steakhouse, Appellants,

v.

David LARSEN and James Hamill, Appellees.

No. 05–91–01130–CV.

Court of Appeals of Texas, Dallas.

Aug. 10, 1992.

Rehearing Denied Sept. 28, 1992.

**278**

John A. Stewart, Dallas, for appellants.

John E. Richards, Michael K. Vrana, Dallas, for appellees.

Before BAKER, MALONEY and KAPLAN, JJ.

## OPINION

BAKER, Justice.

Leona Clade and Clade Enterprises, Inc. (Clade) sued James Hamill and David Larsen for improperly constructing a restaurant. The trial court granted Hamill and Larsen a summary judgment. Clade contends that the trial court erred by not allowing her to file an amended petition and by granting summary judgment for Larsen and Hamill. We affirm in part and reverse in part.

### FACTUAL BACKGROUND

On May 17, 1988, Clade sued Hamill & McKinney, Inc., the architecture firm that designed and supervised the construction of Clade's restaurant. On February 9, 1990, Clade amended her petition to include David Larsen in his individual capacity. Larsen was Hamill & McKinney's project manager for the restaurant contract. She alleged Larsen was negligent and guilty of architectural malpractice. Larsen moved for summary judgment on November 21, 1990. The trial court ordered Clade to respond to Larsen's motion for summary judgment by December 14, 1990. Clade timely filed her response to Larsen's motion but also filed a second amended petition. The trial court granted Larsen an interlocutory summary judgment on December 20, 1990. The court found Clade's negligence cause of action against Larsen barred by limitations. The trial court also found Clade's second amended petition untimely filed and denied her request for leave to file it.

Clade's second amended petition, which the court refused to consider, also included causes of action against Hamill individually. Clade asserted claims for negligence, deceptive trade practices, breach of fiduciary duty, breach of implied warranty, breach of contract, and fraud against Hamill. Hamill answered on February 22, 1991. Hamill moved for summary judgment on April 22, 1991. On May 7, 1991, Clade filed her third amended petition. This pleading reasserted Clade's claims against Hamill. On May 14, 1991, the trial court granted summary judgment for Hamill. The court

found all claims against him barred by limitations. The interlocutory judgments became final July 24, 1991.

## CLADE'S SECOND AMENDED PETITION

In her first point of error, Clade contends that the trial court erred by refusing to allow her to file her second amended petition. She asserts that the trial court erred because Larsen never pleaded surprise or prejudice.

### A. Applicable Facts

The trial court ordered that Clade could respond to Larsen's summary judgment motion until December 14, 1990. Clade filed her summary judgment response and second amended petition on this date. Larsen objected to the filing of Clade's second amended petition and moved to strike it. On December 20, the day of the summary judgment hearing, Clade moved for leave of court to file her second amended petition. The second amended petition asserted new causes of action against Larsen. The new causes were claims of deceptive trade practices, breach of fiduciary duty, breach of implied warranty, and fraud. The trial court denied Clade's motion for leave to file her amended petition. The court also denied Larsen's motion to strike Clade's pleading.

### B. Applicable Law

■ Rule 63 of the Texas Rules of Civil Procedure applies to amended pleadings filed before a summary judgment hearing. *See* TEX.R.CIV.P. 63; *Goswami v. Metropolitan Sav. & Loan Ass'n*, 751 S.W.2d 487, 490 (Tex.1988). The rule governs the trial judge's decision for granting parties leave to amend their pleadings within seven days of the trial date.[1] A summary judgment hearing is a trial within the meaning of

rule 63. *Goswami*, 751 S.W.2d at 490. The trial court has no discretion to refuse an amendment unless: (1) the opposing party presents evidence of surprise or prejudice; or (2) the amendment asserts a new cause of action or defense and thus is prejudicial on its face, and the opposing party objects to the amendment. *See Greenhalgh v. Service Lloyds Ins. Co.*, 787 S.W.2d 938, 939 (Tex.1990); *Hardin v. Hardin*, 597 S.W.2d 347, 349–50 (Tex.1980).

■ On appeal, the party complaining of the judge's refusal to consider an amended pleading has the burden to show an abuse of discretion. *Hardin*, 597 S.W.2d at 349; *Randle v. NCNB Tex. Nat'l Bank*, 812 S.W.2d 381, 383 (Tex.App.—Dallas 1991, no writ). We do not disturb the trial court's ruling unless the complaining party shows an abuse of discretion. *Hardin*, 597 S.W.2d at 349–50.

### C. Application of Law to Facts

■ Clade tried to amend her petition within seven days of the summary judgment hearing. The petition alleged new causes of action against Larsen. Larsen objected to Clade's amended petition. Clade's petition was prejudicial on its face because it asserted new causes of action against Larsen. *Greenhalgh*, 787 S.W.2d at 939. Clade has not shown an abuse of discretion. We do not disturb the trial court's ruling. *Hardin*, 597 S.W.2d at 349–50.

■ Because the trial court entered an order giving her until December 14, 1990, to respond to Larsen's summary judgment motion, Clade contends her amended petition impliedly comes within that order as an additional response to the motion for summary judgment. We disagree. The trial court's order allowed Clade only to respond to Larsen's summary judgment

---

1. Rule 63 of the Texas Rules of Civil Procedure states:

    Parties may amend their pleadings ... by filing such pleas with the clerk at such time as not to operate as a surprise to the opposite party; provided, that any pleadings, responses or pleas offered for filing within seven days of the date of trial or thereafter, or after such

    time as may be ordered by the judge under Rule 166, shall be filed only after leave of the judge is obtained, which leave shall be granted by the judge unless there is a showing that such filing will operate as a surprise to the opposite party.

    *See* TEX.R.CIV.P. 63.

motion. It did not give her permission to amend her pleadings to assert new causes of action against Larsen in contravention of rule 63. We overrule Clade's first point of error.

## THE SUMMARY JUDGMENTS

### A. Standard of Review

■ Our supreme court has set the standards we apply in reviewing a trial court's grant of a summary judgment. As mandated by that court, they are:

1. The movant for summary judgment has the burden of showing there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issue precluding summary judgment, we must take evidence favorable to the non-movant as true.

3. We must indulge every reasonable inference in favor of the non-movant and resolve any doubts in its favor.

*See Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985).

■ The summary judgment rule does not provide for a trial by deposition or affidavit. The rule provides a method of summarily ending a case that involves only a question of law and no genuine issue of material fact. *See Gaines v. Hamman,* 163 Tex. 618, 358 S.W.2d 557, 563 (1962). The trial court's duty is to determine whether there are any fact issues to try—not to weigh the evidence or determine its credibility and try the case on affidavits. *Gulbenkian v. Penn*, 151 Tex. 412, 252 S.W.2d 929, 931 (1952). The purpose of the summary judgment rule is to eliminate patently unmeritorious claims or untenable defenses. The rule is not intended to deprive the litigants of their right to a full hearing on the merits of any real fact issue. *See Gulbenkian*, 252 S.W.2d at 931.

### B. Applicable Law—Limitations

#### 1. *Negligence*

■ A party must bring a negligence claim within two years from the day the

cause of action accrues. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 16.003 (Vernon 1986); *McCulloch v. Fox & Jacobs, Inc.,* 696 S.W.2d 918, 923–24 (Tex.App.—Dallas 1985, writ ref'd n.r.e.) (en banc). Accrual begins when the negligent party by some act or omission breaches its duty of ordinary care. *See Zidell v. Bird,* 692 S.W.2d 550, 554 (Tex.App.—Austin 1985, no writ). A cause of action ordinarily accrues when a tortfeasor breaches a duty it owes another. *Fort Smith v. Fairbanks, Morse & Co.,* 101 Tex. 24, 102 S.W. 908, 909 (1907); *see Walker v. Sears Roebuck & Co.,* 853 F.2d 355, 364–65 (5th Cir.1988).

■ The original breach is the right of action. A tortfeasor is liable for all damages proximately resulting from its breach of duty—regardless of when damages are manifest. *See Fort Smith,* 102 S.W. at 908–09; *Bishop–Babcock–Becker Co. v. Jennings,* 245 S.W. 104, 105 (Tex. Civ.App.—Austin 1922, no writ). Nor does remedial performance, such as structural repairs, toll the running of the statute of limitations. *See Lambert v. Wansbrough,* 783 S.W.2d 5, 6 (Tex.App.—Dallas 1989, writ denied); *Miller v. Dickenson,* 677 S.W.2d 253, 258 (Tex.App.—Fort Worth 1984, writ ref'd n.r.e.).

#### 2. *Deceptive Trade Practices and Breach of Fiduciary Duty*

Claims based on deceptive trade practices (DTPA) [2] and breach of fiduciary duty are subject to a two-year statute of limitations. TEX.BUS. & COM.CODE ANN. § 17.565 (Vernon 1987); *Brooks Fashion Stores v. Northpark Nat'l Bank,* 689 S.W.2d 937, 942–43 (Tex.App.—Dallas 1985, no writ); *El Paso Assocs., Ltd. v. J.R. Thurman & Co.,* 786 S.W.2d 17, 20 (Tex.App.—El Paso 1990, no writ).

#### 3. *Breach of Implied Warranty and Breach of Contract*

The four-year statute of limitations governs actions for breach of an implied war-

---

**2.** *See* TEX.BUS. & COM.CODE ANN. §§ 17.41–17.826 (Vernon 1987 & Supp.1992), known as the Deceptive Trade Practices–Consumer Protection Act.

ranty under construction contracts and breach of contract actions. *See* TEX.CIV. PRAC. & REM.CODE ANN. § 16.004 (Vernon 1986); *Certain–Teed Prods. Corp. v. Bell,* 422 S.W.2d 719, 721 (Tex.1968).

#### 4. *Applicable Law—Fraud*

■ The four-year statute of limitations governs actions for fraud. *See Williams v. Khalaf,* 802 S.W.2d 651, 658 (Tex.1990). The discovery rule applies to fraud cases. *Willis v. Maverick,* 760 S.W.2d 642, 645 (Tex.1988). The summary judgment movant must negate the pleading of the discovery rule by conclusively showing that no genuine fact issue exists about the time the nonmovant discovered the fraud. *See Weaver v. Witt,* 561 S.W.2d 792, 794 (Tex. 1977). A movant negates the discovery rule when the movant shows when the nonmovant discovered or, in the exercise of reasonable diligence, should have discovered the fraud. *See Escontrias v. Apodaca,* 629 S.W.2d 697, 698 (Tex.1982). If the movant cannot do so, a fact question exists about when the limitations period begins to accrue. *See Sonenthal v. Wheatley,* 661 S.W.2d 169, 171 (Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.); *Kelly v. Dorsett,* 581 S.W.2d 512, 513–14 (Tex.Civ. App.—Dallas 1979, writ ref'd n.r.e.).

#### 5. *When Does a Cause of Action Accrue?*

■ Determining when a cause of action accrues is a question of law. *Willis,* 760 S.W.2d at 644. A cause of action accrues, for limitations purposes, when the negligent party by some act or omission breaches its duty of ordinary care. *Zidell,* 692 S.W.2d at 554. The accrual occurs when facts come into existence authorizing a claimant to seek a judicial remedy. *Robinson v. Weaver,* 550 S.W.2d 18, 19 (Tex. 1977); *Conaway v. Chambers,* 823 S.W.2d 331, 334 (Tex.App.—Texarkana 1991, writ requested). Limitations runs from the time of the wrongful conduct and bars actions for damages resulting from the wrongful conduct even though the damages are not fully developed during the limitations period. *Tennessee Gas Transmission Co. v. Fromme,* 153 Tex. 352, 269 S.W.2d 336,

337–38 (1954); *Fort Smith,* 102 S.W. at 909. A party need only be aware of enough facts to apprise him of his right to seek a judicial remedy. *See Murray v. San Jacinto Agency, Inc.,* 800 S.W.2d 826, 829 (Tex.1990).

#### 6. *Exceptions to the General Rule*

##### a. The Discovery Rule

■ In some cases, the discovery rule is an exception to the general accrual rule. The discovery rule is a judicially conceived exception to statutes of limitations for the courts to use to determine when a cause of action accrues. *Moreno v. Sterling Drug Inc.,* 787 S.W.2d 348, 353 (Tex.1990). When applicable, the discovery rule alleviates the injustice of barring a claimant's cause of action before he learned or, exercising reasonable diligence, could have learned about the facts underlying his right of action. *See, e.g., Robinson,* 550 S.W.2d at 23; *Gaddis v. Smith,* 417 S.W.2d 577, 578–79 (Tex.1967).

##### b. The Legal Injury Rule

■ A second exception is the legal injury rule. The legal injury rule applies when a party engages in lawful activities that injure another. In such a case, the cause of action will not accrue until the claimant sustains some legally actionable harm. *See, e.g., Tennessee Gas Transmission Co.,* 269 S.W.2d at 337; *Zidell,* 692 S.W.2d at 554.

#### ·C. Larsen's Summary Judgment

In her second point of error, Clade contends that the trial court erred in granting summary judgment for Larsen. The trial court properly disregarded Clade's second amended petition. Clade's operative pleading against Larsen was her first amended petition.

#### 1. *Applicable Facts*

Clade first sued Larsen for architectural malpractice and negligence in her first amended petition, filed February 9, 1990. She alleged Larsen negligently designed the restaurant and its sprinkler system, negligently supervised the restaurant's

construction, and negligently failed to consider soil erosion caused by a nearby creek. Clade maintained that before construction began, Larsen told her that the creek did not pose a problem. Larsen certified completion of the restaurant on March 6, 1987. Clade sent a demand letter to Hamill & McKinney dated December 22, 1987.

## 2. *Application of Law to Facts*

Because this case is before us on summary judgment, we assume that Clade's allegations are true. The two-year limitations statute applies to Clade's negligence claim against Larsen. *See McCulloch*, 696 S.W.2d at 923–24. Larsen's summary judgment evidence shows that Clade knew about his negligent conduct when she sent her demand letter to Hamill & McKinney on December 22, 1987. However, Clade did not sue Larsen until February 9, 1990, more than two years after she knew of his alleged breach.

Clade alleges that she discovered many defects after Larsen certified completion of the restaurant. She contends that the discovery rule tolls the limitations period on these defects. We disagree. The discovery rule does not apply to Clade's negligence action under the facts of this case. She cannot try her case in a piecemeal fashion or split her cause of action. These "later defects" are the proximate result of Larsen's alleged breach of his duty to properly design and to properly supervise the restaurant construction. Larsen's summary judgment evidence shows that Clade knew about his alleged breach no later than December 22, 1987. Under these facts, it is immaterial when the damages became discernable. *Fort Smith*, 102 S.W. at 908–09; *Walker*, 853 F.2d at 364–65. We overrule Clade's second point of error.

## D. Hamill's Summary Judgment

In her third point of error, Clade contends that the trial court erred in granting summary judgment for Hamill. Clade sued Hamill for negligence, deceptive trade practices, breach of fiduciary duty, breach of implied warranty, breach of contract, and fraud. She based her claims on allegations that Hamill improperly designed the restaurant, did not ensure that the restaurant was built to specifications, and did not warn her about soil erosion. She also claimed that Hamill acted wrongfully by signing the certificate of substantial completion, approving pay requests for unperformed work, and representing that Larsen was an architect.

## 1. *Applicable Facts*

Clade first sued Hamill as a party in the second amended petition on December 14, 1990. The trial court refused to consider this petition because Clade did not file it timely. However, Hamill answered the second amended petition and moved for summary judgment on limitations. Clade filed a third amended petition asserting the same causes of action against Hamill. The trial court then granted summary judgment for Hamill. The court found all of Clade's claims barred by limitations.[3]

Construction began in February 1986. Clade signed a certificate of substantial completion on August 14, 1986. Hamill's summary judgment evidence shows that Clade communicated her dissatisfaction about the restaurant's design and construction to Hamill on many occasions from February 1986 through September 1986. Clade's interrogatory response admits she notified Hamill & McKinney of alleged defects as early as June 1, 1986. We assume Hamill became a party defendant on December 14, 1990.

## 2. *Application of Law to Facts—Negligence, Deceptive Trade Practices, Breach of Fiduciary Duty, Breach of Implied Warranty, and Breach of Contract*

Clade bases five of the six causes of action she asserts against Hamill on the same wrongful conduct. The alleged ac-

---

**3.** Clade does not complain that Hamill moved for summary judgment on the second amended petition. Hamill does not complain about the timeliness of Clade's third amended petition. We express no opinion about the propriety of the parties' actions. However, we note that both the second amended and third amended petitions assert the same causes of action against Hamill.

tionable conduct, or the legal wrong, was Hamill's participation in the restaurant's construction. Because this is a summary judgment case, we assume Clade's allegations are true. Clade admitted she was aware of some of the defects as early as June 1, 1986. However, she did not make Hamill a party defendant until December 14, 1990. She was aware of Hamill's wrongful conduct more than four years before she sued him. The statute of limitations barred her negligence, DTPA, and breach of fiduciary duty claims as early as June 1, 1988. The statute of limitations barred her breach of implied warranty and fraud claims as early as June 1, 1990. The trial court properly held these claims barred by limitations.

Clade contends that some defects did not show up immediately. She argues that under the discovery rule, limitations should not run for defects not yet discovered. However, Hamill's summary judgment evidence negated the discovery rule on these causes of action. Clade knew enough facts to allow her to seek a judicial remedy as early as June 1, 1986. *See Murray*, 800 S.W.2d at 829.

Clade argues also that limitations did not run before the creek eroded in 1989. She contends she could not possibly have known when the creek would erode. However, limitations ran from the time of the wrongful conduct—the improper design and placement of the restaurant. When the damages developed is of no moment under the facts of this case. *See Tennessee Gas Transmission Co.*, 269 S.W.2d at 337–38. The legal injury rule does not apply because Clade knew she could seek a judicial remedy as evidenced by her interrogatory response admitting she first notified Hamill & McKinney about construction defects on June 1, 1986. Consequently, Clade cannot rely on the occurrence of later defects to push back the accrual date of the limitations statutes. *Fort Smith*, 102 S.W. at 909.

### 3. *The Fraud Action*

#### a. Applicable Facts

Clade also alleged a fraud cause of action against Hamill. She alleged that Ha-

mill represented that Larsen was an architect when he was not. She also alleged that she did not learn that Hamill's representation was false until November 1990. We accept her factual assertions as true for summary judgment purposes.

Hamill contends that limitations bars Clade's fraud claim. He contends that Clade was aware of the defects before June 1, 1986. Hamill argues that all of the alleged fraudulent misrepresentations were made before October 1, 1986. He contends these facts entitle him to judgment as a matter of law.

#### b. Application of Law to the Facts

■ Clade's summary judgment proof shows that she did not discover Hamill's misrepresentation until November 1990. Hamill's summary judgment evidence shows that he did not have any conversations with Clade after October 1986. He argues that Clade's knowledge of the defects by June 1, 1986, put her on inquiry to determine all liable parties. However, Hamill does not conclusively show when Clade knew or should have known that his representation that Larsen was an architect was false. A fact question exists about when the four-year limitations period began to accrue. We overrule Clade's third point of error on her negligence, DTPA, breach of contract, breach of implied warranty, and breach of fiduciary duty claims. We sustain her point as to her fraud claim against Hamill.

### CONCLUSIONS

We affirm the trial court's judgment for David Larsen. We affirm the trial court's judgment for James Hamill on Clade's claims against him for negligence, deceptive trade practices, breach of contract, breach of fiduciary duty, and breach of implied warranty. We reverse the trial court's judgment for James Hamill on Clade's claim against him for fraud. We remand the cause to the trial court for further proceedings on the fraud action only.