**Katherine Irene Barber SMITH, Appellant**

v.

**Artymae LITTLE, as Independent Executrix of the Estate of Frank J. Little, M.D., et al., Appellees.**

**No. 05–94–01111–CV.**

Court of Appeals of Texas, Dallas.

April 28, 1995.

Rehearing Overruled June 27, 1995.

R. Michael Northrup, Cowles & Thompson, P.C., Dallas, for appellant.

Joseph W. Wolfe, Wolfe Clark & Henderson, L.L.P., Sherman, for appellees.

Before MALONEY, DEVANY, and MILLER [1], JJ.

## OPINION

MILLER, Justice (Retired).

Katherine Smith appeals from a take-nothing summary judgment which was based on limitations and public policy. Smith brought suit alleging: (1) she is an heir of Lula Little and entitled to an interest in the estate of Lula Little; and (2) appellees knew of her existence and conspired to deny her a share of the estate. In five points of error, Smith contends the trial court erred in granting summary judgment. We agree and reverse in part the trial court's judgment.

## FACTS

Katherine Smith was born on March 22, 1932. Hope Cottage, Inc. admitted her to its care on March 23, 1932. W.L. and Katherine Barber took Smith home in July 1932 and formally adopted her in February 1933. When she was about ten years old, Smith learned she was adopted from her adoptive mother ("Barber"). Smith does not think Barber knew the name of her natural mother at that time. While still in school, Barber told Smith that Smith was born in Sherman. During their discussions about Smith's adoption, Barber mentioned Hope Cottage to her. Barber died in 1982.

Thelma Little married Sterling Hart in 1933. They had two children, James S. Hart and Bettie Hart. Thelma Little Hart died in 1969. Thelma's mother, Lula Little, died on January 1, 1982. In her will, Lula named her five children (Thelma Little Hart, Mary Little Rogers, Dr. Frank J. Little, Bettie Sue Little LeBrun, and Geraldine Little Dowden) as beneficiaries, share and share alike. Two of the children, Thelma and Mary, predeceased Lula. The will was probated and the independent executor, Dr. Little, filed an affidavit closing administration of the Lula Little estate on December 31, 1983. Lula Little's estate was distributed to Lula's children Dr. Little, Bettie Little Lebrun, Geraldine Little Dowden, and to Thelma's children Bettie Hart Colgate and the estate of James S. Hart.

In late 1987, Smith's son was diagnosed with a malignant tumor. This family health crisis increased Smith's interest in learning the identity of her natural parents. Smith began her inquiry by contacting the Texas Department of Health. She later contacted Hope Cottage, which agreed to send her birth records. Hope Cottage deleted all identifying information from the records. Smith then filed suit against Hope Cottage to obtain the complete records. The adoption records showing her natural mother as Thelma Little were opened November 17, 1989.

In the meantime, Smith found a scrap of paper in Barber's personal effects containing the names Thelma Little and Gus Eubanks. Smith learned Thelma Little was dead and telephoned Thelma's brother, Dr. Little, in April 1989. During the conversation with Dr. Little, Smith told him she believed she was the daughter of Thelma Little and was interested in obtaining health records for her family. He responded by saying he had difficulty accepting Thelma was her mother because "in 1932, I was fifteen years old and living at home, as was Thelma, and I cannot believe I would not have known of her predicament had it existed." [2] Dr. Little wrote to Smith on April 28, 1989 responding to her request for medical history and repeating his difficulty in believing Thelma Little was Smith's natural mother.

---

1. The Honorable Chuck Miller, Judge, Texas Court of Criminal Appeals, Retired, sitting by assignment.

2. Dr. Little gave a deposition in this case prior to his death in 1993.

Smith filed suit on November 15, 1991, asserting claims for fraud, conspiracy, breach of fiduciary duty, and gross negligence. As remedies, Smith sought actual damages in an amount equivalent to her interest in the estate, punitive damages, an accounting, imposition of a constructive trust, a partitioning of estate property, attorney's fees, and interest. The crux of Smith's causes of action is that Dr. Little and the other appellees knew or had reason to know of her existence. Dr. Little as independent executor of his mother's estate excluded Smith from any portion of the estate. Smith alleges Dr. Little's actions constituted fraud, gross negligence, and breach of his fiduciary duty.

Appellees filed a motion for summary judgment. They sought summary judgment on two grounds: (1) the claims were barred by the statute of limitations, and (2) the claims were barred based upon the public policy favoring finality of estates. The trial court granted the motion for summary judgment in favor of appellees without specifying the ground(s) upon which it relied.

## THE STANDARD OF REVIEW

The function of summary judgment is not to deprive a litigant of the right to a full hearing on the merits of any real issue of fact but to eliminate patently unmeritorious claims and untenable defenses. *See Gulbenkian v. Penn,* 151 Tex. 412, 252 S.W.2d 929, 931 (1952). In reviewing a summary-judgment record, this Court applies the following standards:

1. The movant for summary judgment has the burden of showing there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true.

3. Every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in his favor.

*Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985).

The purpose of the summary-judgment rule is not to provide either a trial by deposition or a trial by affidavit, but is to provide a method of summarily terminating a case when it clearly appears only a question of law is involved and no genuine issue of fact remains. *See Gaines v. Hamman,* 163 Tex. 618, 358 S.W.2d 557, 563 (1962). For the defendant, as movant, to prevail on a summary judgment, he must either disprove at least one element of the plaintiff's theory of recovery or plead and conclusively establish each essential element of an affirmative defense, thereby rebutting the plaintiff's cause of action. *See International Union UAW Local 119 v. Johnson Controls, Inc.,* 813 S.W.2d 558, 563 (Tex.App.—Dallas 1991, writ denied). An issue is conclusively established if ordinary minds cannot differ as to the conclusion to be drawn from the evidence. *See Triton Oil & Gas Corp. v. Marine Contractors & Supply, Inc.,* 644 S.W.2d 443, 446 (Tex.1982).

In a summary-judgment case, the question on appeal is whether the summary-judgment proof establishes, as a matter of law, there is no genuine issue of fact as to one or more of the essential elements of the cause of action. *See Gibbs v. Gen. Motors Corp.,* 450 S.W.2d 827, 828 (Tex.1970). When the motion for summary judgment alleges more than one basis of support, and the order granting the motion is silent as to the reason for granting the motion, the appellant must show each independent ground alleged in the motion is insufficient to support summary judgment. *Rogers v. Ricane Enters., Inc.,* 772 S.W.2d 76, 79 (Tex.1989).

## LIMITATIONS

In her second point of error, Smith contends the trial court erred in granting summary judgment on the basis of limitations. Smith filed this suit against appellees (1) alleging she is an heir of Lula Little and entitled to an interest in the estate of Lula Little and (2) asserting she had been deprived of that interest by the fraud, conspiracy, breach of fiduciary duty, and gross negligence of appellees. The causes of action alleged by Smith are governed by either a two-year statute of limitation or a four-year statute of limitation. *See* TEX.CIV.PRAC. &

REM.CODE ANN. §§ 16.003, 16.004 (Vernon 1986).

Appellees assert all facts necessary to the accrual of any alleged cause of action existed as of December 1983, when Dr. Little filed an affidavit closing administration of the Lula Little Estate. By moving for summary judgment on the basis of the running of the statute of limitations, appellees assumed the burden of showing as a matter of law the suit is barred by limitations. *Delgado v. Burns,* 656 S.W.2d 428, 429 (Tex.1983); *Precision Sheet Metal Mfg. Co. v. Yates,* 794 S.W.2d 545, 549 (Tex.App.—Dallas 1990, writ denied). In response to appellees' motion for summary judgment, Smith asserted the "discovery rule".

■ The discovery rule is an exception to the general rule that a cause of action accrues when facts come into existence authorizing a claimant to seek a judicial remedy. *Robinson v. Weaver,* 550 S.W.2d 18, 19 (Tex.1977). When applied, the rule tolls the running of the statute of limitations until the plaintiff discovers, or through the exercise of reasonable care and diligence should have discovered, the nature of his injury. *Moreno v. Sterling Drug, Inc.,* 787 S.W.2d 348, 351 (Tex.1990).

■ When a defendant moves for summary judgment on the basis of limitations, and the nonmovant raises the discovery rule, the defendant must show when the nonmovant's cause of action accrued, and *negate the discovery rule by proving as a matter of law there is no genuine issue of fact about when the plaintiff discovered or should have discovered the nature of the injury. Burns v. Thomas,* 786 S.W.2d 266, 267 (Tex.1990); *Precision Sheet Metal,* 794 S.W.2d at 549.

### The Statute of Limitations & the Fraud Cause of Action

■ Smith alleged a fraud action against Dr. Little, as independent executor of the estate of Lula Little. Smith alleged Dr. Little had knowledge of her existence but with intent to defraud her failed to distribute her rightful interest in Lula Little's estate.

Appellees contend the four-year limitations period bars Smith's fraud claim. They argue the probate proceedings in the estate of Lula Little, deceased, were and are public records. Thus, as of December 31, 1983, when Dr. Little filed an affidavit closing administration of the estate of Lula Little, Smith possessed the facts necessary to trigger the accrual of the alleged causes of action.

■ A cause of action for fraud is governed by a four-year statute of limitations. *Williams v. Khalaf,* 802 S.W.2d 651, 658 (Tex.1990); *Clade v. Larsen,* 838 S.W.2d 277, 282 (Tex.App.—Dallas 1992, writ denied). The discovery rule applies to fraud cases. *Willis v. Maverick,* 760 S.W.2d 642, 645 (Tex.1988); *Clade,* 838 S.W.2d at 282. The summary judgment movant must negate the application of the discovery rule by conclusively showing no genuine fact issue exists about the time the nonmovant discovered the fraud or, in the exercise of reasonable diligence, should have discovered the fraud. *Weaver v. Witt,* 561 S.W.2d 792, 794 (Tex. 1977); *Clade,* 838 S.W.2d at 282. If the movant cannot do so, a fact question exists about when the limitations period began to run. *Clade,* 838 S.W.2d at 282.

Smith's summary judgment proof shows she did not discover the fraudulent distribution of the estate until after she learned the identity of her biological mother and grandmother. It was only after a court order unsealed her adoption records on November 17, 1989 that she actually discovered she might have an inheritance to recover.

Appellees' summary judgment proof shows: (1) Smith knew she was adopted at the age of ten or eleven; (2) Smith's adoptive parents knew who Smith's natural parents were; (3) Smith began to search for her natural mother in 1987; (4) Smith found a piece of paper with her natural parents' names on it; (5) Smith learned Thelma Little was dead in 1989; and (6) Smith's adoption records were unsealed by court order on November 17, 1989. Appellees contend this series of dates establish as a matter of law when Smith *should have known* of her legal injuries.

■ Summary judgment should never be granted when the issues are inherently those for a jury or trial judge, as in cases involving

intent, reliance, reasonable care, uncertainty and the like. *Dan Lawson & Assoc. v. Miller*, 742 S.W.2d 528, 530 (Tex.App.—Fort Worth 1987, no writ). The exercise of reasonable diligence under the discovery rule will generally fall into this category. *El Paso Assoc., Ltd. v. J.R. Thurman & Co.*, 786 S.W.2d 17, 20 (Tex.App.—El Paso 1990, no writ). Appellees' summary judgment proof shows Smith actually learned she was wrongfully deprived of her inheritance on November 17, 1989. Although Smith learned at an early age she was adopted, she did not know the identity of her biological mother until November 17, 1989 when the court records were unsealed. Therefore, the suit was filed within four years of Smith's actual knowledge of the cause of action.

The remaining summary judgment proof raises a fact question about when she *should have known* and therefore when the four-year limitations period began to accrue. Appellees' proof that Smith's adoptive parents knew who Smith's natural parents were, that Smith began to search for her natural parents in 1987, that Smith found a piece of paper with her natural parents' names on it, and that Smith learned Thelma Little was dead in 1989 does not conclusively show when Smith *should have known* she was wrongfully deprived of her\inheritance. In addition, in April 1989, Dr. Little denied Thelma Little was her natural mother. A fact question exists about when the four-year limitations period began to accrue. We sustain Smith's second point of error as to her fraud claim.

*The Statute of Limitations and the Conspiracy, Breach of Fiduciary Duty, and Negligence Causes of Action*

 A claim for breach of fiduciary duty is governed by a two-year statute of limitations. *Clade*, 838 S.W.2d at 281. Breach of fiduciary duty is subject to the discovery rule. *Russell v. Campbell*, 725 S.W.2d 739, 748 (Tex.App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.). Civil conspiracy is governed by a two-year statute of limi-

tations. *Connell v. Connell*, 889 S.W.2d 534, 541 (Tex.App.—San Antonio 1994, writ denied); *Stevenson v. Koutzarov*, 795 S.W.2d 313, 318–19 (Tex.App.—Houston [1st Dist.] 1990, writ denied). The discovery rule applies to conspiracy to commit fraud. *See Cathey v. First City Bank*, 758 S.W.2d 818, 822 n. 3 (Tex.App.—Corpus Christi 1988, writ denied); *Gregg v. Galo*, 720 S.W.2d 116, 119 (Tex.App.—San Antonio 1986, no writ). A party must bring a negligence and gross negligence claim within two years from the day the cause of action accrues. *Clade*, 838 S.W.2d at 281; *American Centennial Ins. Co. v. Canal Ins. Co.*, 810 S.W.2d 246, 255 (Tex.App.—Houston [1st Dist.] 1991), *aff'd in part, rev'd in part on other grounds*, 843 S.W.2d 480 (Tex.1992). A cause of action accrues when the negligent party by some act or omission breaches its duty of ordinary care. *American Centennial*, 810 S.W.2d at 255.

 The discovery rule may apply in a limited number of negligence and gross negligence causes of action when the injured party did not, and could not, know of his injury at the time it occurred. *Moreno*, 787 S.W.2d at 351. As a general proposition, the discovery rule is applied to classes of plaintiffs and causes of action where it is difficult for the injured party to learn of the negligent act or omission. *Willis v. Maverick*, 760 S.W.2d 642, 644–45 (Tex.1988). The discovery rule has been applied in a variety of cases. *See e.g., Robinson v. Weaver*, 550 S.W.2d 18, 20 (Tex.1977) (legal malpractice); *Gaddis v. Smith*, 417 S.W.2d 577, 580 (Tex. 1967) (medical malpractice)[3]; *Clade*, 838 S.W.2d at 284 (negligent design and construction of a building); *Woodbine Elec. Serv., Inc. v. McReynolds*, 837 S.W.2d 258, 262 (Tex.App.—Eastland 1992, no writ) (accounting malpractice); *Precision Sheet Metal*, 794 S.W.2d at 546 (failure to comply with platting statute before dividing and selling land).

 In deciding whether to extend the discovery rule to a particular cause of action or class of litigant, we must balance the

---

**3.** We note the discovery rule is no longer applicable to cases governed by the Medical Liability and Insurance Improvement Act. *See* Tex.Rev. Civ.Stat.Ann. art. 4590*i*, § 10.01 (Vernon Supp. 1995); *Morrison v. Chan*, 699 S.W.2d 205, 208 (Tex.1985).

purpose of limitations generally against a claimant's right to have his or her day in court to seek redress for injuries. *Willis,* 760 S.W.2d at 644; *Robinson,* 550 S.W.2d at 20; *Precision Sheet Metal,* 794 S.W.2d at 549–50. In striking the balance, courts have considered:

(1) the nature of the plaintiff's case, and the type of evidence required to establish and defend the claim;

(2) the length of the limitations period in question, and the wrongful act's susceptibility to discovery within that period;

(3) the susceptibility to fraudulent prosecution if the date of accrual is shifted;

(4) the shocking results of barring recovery to a deserving plaintiff unable to know of the wrongful act before expiration of the limitations period; and,

(5) the inability of the injured party to appreciate the wrongful conduct of the perpetrator.

*Willis,* 760 S.W.2d at 644–45; *Gaddis,* 417 S.W.2d at 579–80; *Precision Sheet Metal,* 794 S.W.2d at 549–50.

On the basis of the record before us, we conclude that Dr. Little's failure to distribute Smith's portion of the estate was not reasonably susceptible to discovery within the prescribed limitations period. Although it is true the probate proceedings in the estate were and are public records, Smith did not discover she might have an inheritance to recover until the court order unsealed her adoption records in 1989. Furthermore, Smith was not able to appreciate the wrongful conduct of Dr. Little. Dr. Little told Smith he did not believe Thelma was her natural mother. Because she was not aware of her natural parents' names, her right to her share in the estate was inherently undiscoverable. Because the facts in this case are unique, shifting the date of accrual would not increase susceptibility to fraudulent prosecution. Accordingly, we hold the facts in this case justify application of the discovery rule to the negligence and gross negligence causes of action.

All of Smith's claims are based on the same wrongful conduct, allegations that Dr. Little, as executor of the Lula Little estate, and each of appellees, acting either alone or in conspiracy, acted with the specific intent to keep Smith's interest in the Lula Little estate from her, or did so by negligence or gross negligence. Absent application of the discovery rule, the statute of limitations barred her claims as early as December 31, 1985, two years after Dr. Little signed the affidavit closing administration of the Lula Little estate, or as late as April of 1991, two years after Dr. Little told Smith she could not be Thelma's daughter. Smith's summary judgment proof shows she did not discover appellees' wrongful conduct until after November 17, 1989, when she discovered the identity of her natural mother and grandmother. Appellees' summary judgment proof shows Smith knew from the time she was a child she was adopted and she had constructive knowledge the estate of Lula Little was being distributed. However, this proof does not negate the discovery rule allegation. A fact question remains about when Smith *should have known* her natural mother was Thelma Little, and thus when Smith *should have known* that she had been excluded from the estate. We sustain Smith's second point of error as to her conspiracy, breach of fiduciary duty, negligence and gross negligence claims.

### The Statute of Limitations & Determination of Heirship

Smith asked the trial court to declare her the heir of Lula Little and the rightful owner of a .08333 interest of the estate of Lula Little. A claimant must contest a judgment of heirship within four years of the date of the judgment. Tex.Prob.Code Ann. § 55 (Vernon 1980); *Turner v. Nesby,* 848 S.W.2d 872, 876 (Tex.App.—Austin 1993, no writ). However, there is no judgment determining heirship in this case. The estate was distributed pursuant to a will, and the closing affidavit was filed December 31, 1983. Therefore, section 55 of the probate code does not apply. The probate code does not provide an express limitations period for bringing an action to determine heirship. When there is no specifically applicable limitations period, the statute of limitations is

four years. TEX.CIV.PRAC. & REM.CODE ANN. § 16.051 (Vernon 1986). Lula Little's estate was closed in 1983; the four-year statute of limitations ran well before Smith filed for a determination of heirship on November 15, 1991. We overrule Smith's second point of error as to the determination of heirship.

## PUBLIC POLICY

 In her third point of error, Smith contends the trial court erred in granting summary judgment on the basis of public policy. Texas has an important governmental interest in the orderly administration of estates and the finality of distributing estates. *See Reed v. Campbell,* 476 U.S. 852, 855, 106 S.Ct. 2234, 2237, 90 L.Ed.2d 858 (1986). The state interest in the orderly disposition of decedent's estates may justify the imposition of special requirements upon a person claiming to be a biological child of the decedent who asserts a right to inherit from her parent, and of course, it justifies the enforcement of generally applicable statutes of limitation on the time and the manner in which claims may be asserted. After an estate has been finally distributed, the interest in finality may provide an additional, valid justification for barring the belated assertion of claims, even though they may be meritorious and even though mistakes of law or fact may have occurred during the probate process. *Id.* at 855–56, 106 S.Ct. at 2237–38. The right to establish heirship status must be balanced against the state's (and appellees') interest in the orderly administration of estates and the finality of judgments distributing estates. *Turner,* 848 S.W.2d at 877.

The Texas Legislature has addressed the policy of finality of estates in the probate code. *See United States v. Sweet,* 245 U.S. 563, 574, 38 S.Ct. 193, 196, 62 L.Ed. 473 (1918) (statutes are an expression of public policy). Germane to the facts of this case, a bill of review may be filed up to two years after decision, order, or judgment rendered by the probate court. TEX.PROB.CODE ANN. § 31 (Vernon Supp.1995). After a will has been admitted to probate, any interested person may file suit to cancel a will for forgery or other fraud, or within two years after the discovery of such forgery or fraud. TEX.

PROB.CODE ANN. § 93 (Vernon 1980). The probate code confirms the interest in finality of estates should be given great weight.

We must balance Smith's right to a fair opportunity to establish her heirship against the state's interest in the orderly administration of estates and the finality of the distribution of the estate to determine if there is valid justification for barring Smith's belated claim. Based on the facts of this case, the trial court correctly concluded the interest in the finality of estates outweighed Smith's right to establish heirship, and her right to the remedies against the estate of constructive trust, an accounting and partition. As to remedies or causes of action against the estate, the summary judgment was proper on public policy grounds, and we overrule Smith's third point of error.

Because we partially sustain Smith's second point of error, we will partially sustain Smith's first point of error, asserting the trial court erred in granting summary judgment as a matter of law. Due to our disposition of the first three points of error, we do not address Smith's fourth and fifth points of error. TEX.R.APP.P. 90(a).

Neither ground alleged in the motion for summary judgment is sufficient to support the summary judgment in its entirety. Accordingly, we reverse the judgment in part and remand for further proceedings on the fraud, conspiracy, breach of fiduciary duty, negligence, and gross negligence claims. *Tobin v. Garcia,* 159 Tex. 58, 316 S.W.2d 396, 400 (1958). We affirm the summary judgment on the causes of action against the estate of Lula Little.