NUMBER
13-01-711-CV

 

                             COURT
OF APPEALS

 

                   THIRTEENTH
DISTRICT OF TEXAS

 

                                CORPUS
CHRISTI

___________________________________________________________________

 

DANIEL R. ROUBEIN AND WIFE, TOIEE ROUBEIN,                   Appellants,

 

                                                   v.

 

MARINO HOME BUILDERS, INC.,                                             Appellee.

___________________________________________________________________

 

                        On
appeal from the 136th District Court

                                of
Jefferson County, Texas.

__________________________________________________________________

 

                                   O
P I N I O N

 

                      Before
Justices Dorsey, Yañez, and Wittig[1]

                                   Opinion
by Justice Wittig

 








Daniel R. Roubein and wife, Topee Roubein, appellants, were
dissatisfied first, with their homebuilder over construction defects, and now
with the trial judge=s rulings.  The trial court received the case on written
submission, pursuant to a partial mediated settlement.  In the mediated settlement, the damages were
agreed as well as the method of trial disposition of the claims.  The mediated settlement agreement was also
made a Rule 11 agreement, enforceable by the parties and the court.  All parties agreed to certain liquidated
amounts of damages in the event the Roubeins prevailed.  The parties disagreed about the applicability
of statutes of limitations and other issues under the DTPA, warranty, and
Residential Construction Liability Act. The parties presented their Rule 11
stipulations and other disputed matters to the trial court for its
determination.  The court awarded
$22,500.00, but denied the Roubeins= more
substantial claims.

Appellants= bring four
issues.  1.  The Roubeins= claims should be governed by the discovery
rule, not the applicable statutes of limitations.  2.  The
trial court erred by not allowing a trial amendment after the case was
submitted to the court.  3.  Statements made by appellee=s president,
Victor Marino, constituted an express warranty. 
And, 4. appellants refusal to accept 
Marino=s settlement
offer to rebuild the garage without paying appellants an additional $110,000 or
$125,000, was not unreasonable.  We will
affirm.

     Background








Appellants bought a house from appellee Marino Home Builders,
Inc.[2]
in June of 1994.  Within a year,
appellants experienced problems with their new home=s air
conditioning and roof.  In April 1996, a
pool  contractor told Dr. Roubein the
wall of the garage was bowing.  Sometime
before October 30, 1996, Dr. Roubein notified Marino Home Builders, Inc. about
the garage problem.  The original framer
was dispatched to stabilize the garage framing with a steel beam.  Victor Marino told Dr. Roubein he believed
the garage problem was fixed.  The garage
bowed again in September 1999.  And it
was (again) determined the bowing of the garage walls was caused by improper
framing.  Suit was filed March 21, 2000.

The parties had settlement discussions to solve the problem.
Appellants first demanded appellee replace the second story of the garage and
pay them $110,000.  Marino Home Builders
agreed to replace the second story but would not pay the additional sum for
alleged diminished resale value. 
Appellants then demanded the entire garage be replaced plus $125,000 for
diminished value.  Marino Home Builders
agreed to rebuild the garage but refused the additional cash demand.  When the initial negotiations failed, suit
was then filed and eventually the case went to mediation, resulting in a
partial settlement of some of the issues, plus the agreement to waive a jury,
and present the matter to the trial court for trial by written submission.

The trial court initially ruled appellants damage claims to the
garage were barred by the two year statute of limitations but also requested
additional briefing.  Appellants then
requested a trial amendment to add new specific claims for implied
warranties.  This request was denied by
the trial court.








The trial court, at the request of appellants, made findings of
fact and conclusions of law.   The
pertinent findings included: 1.  The
garage was defectively constructed, but appellants did not file suit within two
years of the accrual of that cause of action; 
2.  The defects were not
inherently undiscoverable; 3. Victor Marino advised appellants he believed he
fixed the garage problems; 4.  Marino=s statement was
not an express warranty; 5.   Appellants
plead no viable implied warranty theory; 6. 
The air conditioning and roof problems started in 1994 and appellants
did not  timely file suit within two
years and were thus barred; and 7.  The
fair market value diminishment caused by the defects was $29,000.  Because appellants unreasonably rejected the
homebuilder=s settlement
offer, they were not entitled to attorney=s fees.

Standard of Review

Legal sufficiency challenges to a trial court's findings of
fact are reviewable under the same standards that are applied in reviewing
evidence supporting a jury=s answer.  Catalina v. Blasdel, 881 S.W.2d 295,
297 (Tex. 1994).  When a legal
sufficiency challenge is raised by a party who bears the burden of proof on an
issue, we must first examine the record for evidence and inferences supporting
the challenged finding, ignoring all evidence to the contrary, to determine
whether any evidence exists to support that finding.  Dow Chem. Co. v. Francis, 46 S.W.3d
237, 241 (Tex. 2001).  If no evidence
supports the court's finding, we must review the record to determine if the
contrary proposition is established as a matter of law.  Id








The party complaining of the trial court's refusal to consider
an amended pleading has the burden to show an abuse of discretion.   Hardin v. Hardin, 597 S.W.2d 347, 349
(Tex. 1980); Clade v. Larsen, 838 S.W.2d 277, 280 (Tex. App.BDallas 1992,
writ denied).  We do not disturb
the trial court's ruling unless the complaining party shows an abuse of discretion.   Hardin, 597 S.W.2d at 349‑50; Clade,
838 S.W.2d at 280.

Statute of Limitations








In their first issue, appellants maintain the trial court erred
because it refused to find applicability of the discovery rule.  We view this issue as framed as a Amatter of law@ challenge to
the trial court=s finding that
the discovery rule was not applicable. See Dow Chem. Co., 46
S.W.3d at 241.  Accordingly, in the firstBand here only
necessary stepBwe search the
record to determine whether any evidence supports the trial court=s legal
conclusion or application of law.  Id.  Appellants primarily rely upon Thompson v.
Espy Huston & Assoc., Inc., 899 S.W.2d 415 (Tex. App.BAustin 1995, no
writ).  Thompson was a summary
judgment case, not a trial to the court. 
The Austin court held:  A In this case,
the summary judgment evidence did not conclusively establish that a layperson
could perceive any problems with Espey's services before the flooding occurred
and the damage to the buildings became manifest.@  Id.
at 422-23. The court merely held that an engineering consulting firm=s negligence,
may not be discoverable until the manifestation of the flooding or damages they
were hired to fix.  However, for purposes
of application of a statute of limitations, a cause of action generally accrues
when the wrongful act causes an injury, regardless of when the plaintiff learns
of the injury.   Moreno v. Sterling
Drug, Inc., 787 S.W.2d 348, 351 (Tex.1990). 
The discovery rule is an exception to the general rule. Id. When
applicable, the discovery rule provides the limitations period runs from the
date the plaintiff discovers or should, in the exercise of reasonable care and
diligence, have discovered the nature of his injury.  Id. 
But, the discovery rule has limited application to claims that can be
characterized as "inherently undiscoverable," such as fraud, credit
libel, and medical and legal malpractice.  
Snyder v. Eanes ISD, 860 S.W.2d 692, 699‑700 (Tex. App.BAustin 1993,
writ denied).   The discovery rule is
appropriate for these causes of action because it is inherently difficult for
the injured party to learn of the negligent act or omission.   Id. at 700.

As well perceived and articulated by the Thompson court,
a contractor (or layman) cannot be expected to assess the effectiveness of the
engineer=s work before
there is an opportunity to test the final product.  Thompson,  899 S.W.2d at 423.  As found by the trial court here, appellants
were already aware of three distinct construction defects on their home.  They were aware, and do not contest that air
conditioning defects and roof leaks were apparent in 1994.  Also, in April of 1996, appellants were
informed of defects in their garage, specifically a bowing of the walls.  While it is most unfortunate that the repairs
undertaken by the framer to the garage were apparently unsuccessful in fixing
the problem, appellants were clearly on notice of  this defect. 
Appellants  did not carry their
burden of proof to demonstrate their claim was inherently undiscoverable or
that through the exercise of reasonable diligence they could not have
discovered the nature of their injury.  Moreno,
787 S.W.2d at 351.  The trial court=s finding is
supported by the evidence.  Dow Chem.
Co., 46 S.W.3d at 241.   We overrule
appellants= first issue.

 








Leave to Amend Pleadings

Parties may amend their pleadings, only with the trial court's
permission, within seven days of a trial date or afterward.  The trial court should permit the amendment
unless the opposite party shows that filing the amendment operates as a
surprise.  Tex. R. Civ. P. 63; Clade, 838 S.W.2d at 280.  The trial court may not refuse an amendment
unless:  (1) the opposing party presents
evidence of surprise or prejudice;  or
(2) the amendment asserts a new cause of action or defense, and thus, is
prejudicial on its face, and the opposing party objects to the amendment.  Greenhalgh v. Service Lloyds Ins. Co., 787
S.W.2d 938, 939 (Tex.1990); Clade, 838 S.W.2d at 280.

 Appellants argue their
pleadings already included a warranty claim and thus to amend to add an implied
warranty presents nothing new.  The
supporting facts were virtually identical and because the case was submitted on
briefs and stipulations, no new evidence would be adduced. In fact, implied
warranty had previously been pled.   We
review the trial court=s refusal to
allow the implied warranty  claim  under an abuse of discretion standard.   Hardin, 
597 S.W.2d. at 349.  As argued
by appellants, the entire case was submitted to the court on briefs, agreed
exhibits, and the Rule 11 stipulation. 
However, the Rule 11 agreement, paragraph 9 reads: APlaintiff
retains all DTPA and warranty causes of action pled.@  Appellants further argue they did not waive
the right to amend by agreeing they Aretained@ extant claims.








On appeal, we are constrained to determine whether or not the
trial court failed to follow guiding rules and principles, thus reaching an
arbitrary and unreasonable decision.  Walker,
827 S.W.2d at 839.  The trial court was
certainly not unreasonable by enforcing the parties own Rule 11 contract.  The word Apled@ connotes the
then existing pleadings, not pleadings to come. 
See Southwest Intelecom, Inc. v. Hotel Networks Corp., 997 S.W.2d
322, 325 (Tex. App.BAustin 1999,
pet. denied) (we must read the provision in its entirety, striving to give
meaning to every sentence, clause, and word to avoid rendering any portion
inoperative).  The prejudice to appellee
is patent.  To allow a post submission
trial amendment, would both negate the negotiated partial settlement, and
expose appellee to greatly enhanced damages.  
Appellants have not carried their burden to demonstrate that the trial
court abused its discretion.  Hardin,
597 S.W.2d at 349.  We overrule
appellants= second issue.

Express Warranty

Appellants contend Victor Marino=s statement concerning the garage repairs
constituted an express warranty.  We also
treat this as a matter of law challenge.[3]  See Dow Chem. Co., 46 S.W.3d at
241.  According to appellants, the
following testimony by  Dr. Roubein,
established a warranty:

Question: What did Mr. Marino tell you on those occasions?








Answer:    He looked at the garage and told me thatBhe offered very
little explanation for what the problem was, and I didn=t pursue it
very much.  At that point, I took it on
faith that he was going to access it and correct it appropriately.  He told me what needed to be done was a
placement of a steel beam and that would correct the problem.

 

Appellants
rely upon McCrea v. Cubilla Condominium Corp., 685 S.W.2d 755 (Tex. App.BHouston [1st
Dist.] 1985, ref. n.r.e.).  In McCrea,
the plaintiffs experienced roof problems, had them repaired, and Cubilla sent a
letter stating it would continue its efforts to locate the source of the
problem and Aresolve it to
your satisfaction.@  Id. at 758.  Appellants missed the next sentence in the
letter: AIn the unlikely
event we cannot locate the leak before the end of your warranty period we will,
of course, stand behind our product and remedy the problem at our expense.@  Id. 
McCrea also holds that an express warranty is created when a
seller makes an affirmation of fact or a promise to the purchaser, which
relates to the sale and warrants a conformity to the affirmation as
promised.  Id. at 757 (citing Bormaster
v. Henderson, 624 S.W.2d 655, 660 (Tex. Civ. App.BHouston [14th
Dist.] 1981, no writ)).  Appellants
correctly argue McCrea illustrates an express warranty.  However, appellants cannot demonstrate Marino
warranted  conformity to the
affirmation.  In fact, in further
testimony, Dr. Roubein admits that Marino sent someone out to fix the garage and
that Marino told the doctor Ahe believed it
was fixed.@  As argued by appellee, a statement of opinion
does not rise to the level of an affirmation of fact or promise.  See Dowling v. NADW Marketing, Inc.,
631 S.W.2d 726, 729 (Tex. 1982)(a specific promise is not "puffing."
Rather,"puffery" is an expression of opinion by a seller not made as
a representation of fact). 








The mere recitals by Marino that he would send someone (in
futuro)  to fix the garage or that he
believed the garage was fixed, do not add up to a guarantee.  There is simply no expression of warranty
attributable to the statement.[4]  McCrea, 685 S.W.2d at 757.   We conclude the evidence supports the
challenged finding.   Dow Chem. Co.,
46 S.W.3d at 241.  We accordingly overrule
appellants= third issue. 

Unreasonable Refusal of Offer








In their final issue, the Roubeins complain that their
rejection of the builder=s settlement
offer was not unreasonable.  We view this
issue as a factual sufficiency challenge.[5]   When a party attacks the factual sufficiency
of an adverse finding on an issue on which she has the burden of proof, she
must demonstrate on appeal that the adverse finding is against the great weight
and preponderance of the evidence. 
Dow Chemical Co.,  46 S.W.3d
at 242.  The court of appeals must
consider and weigh all of the evidence, and can set aside a verdict only if the
evidence is so weak, or if the finding is so against the great weight and
preponderance of the evidence, that it is clearly wrong and unjust. Id.
In doing so, the court of appeals must "detail the evidence relevant to
the issue" and "state in what regard the contrary evidence greatly
outweighs the evidence in support of the verdict."  Id. 
Whether an offer of settlement or refusal is reasonable, is a question
for the trier of fact.  Tex. Prop. Code Ann. ' 27.004(k)
(Vernon 2000).

The trial court found that appellants unreasonably rejected the
builder=s offer to
settle.  During negotiations,
appellee  met appellants= demand to
replace the entire second floor of the garage. 
It refused to pay the additional $110,000 diminishment of value
claim.  Thereafter, appellants demanded
the entire garage be re-built.  Again,
appellee acceded to this offer but would not also pay an additional $125,000
for diminishment.  Appellants contend
that appellee=s offer to
settle was unreasonable[6]
because it contained no compensation for loss of value to their property, which
is true.  Even though a rebuilt garage
would eliminate any structural problem, there could still be a Astigma@ attached to
the new garage.  Appellants further
contend they were endangered because the settlement offer included Marino=s own
involvement in the repairs.  We reject
this second contention because the builder=s involvement
is contemplated by the statute.  Tex. Prop. Code Ann. ' 27.004(i)
(Vernon 2000).  Additionally, appellants
argue that appellee=s offer
included a request for assignment of $80,000 in insurance proceeds from
appellants to appellee.  Given appellee=s multiple
efforts and offers to amicably resolve the garage issue and other disputes, we
cannot say the evidence against the trial court=s finding greatly outweighs the evidence
in support of the finding.  Dow
Chemical Co., 46 S.W.3d at 242.   The
finding is not clearly wrong and unjust.  Id. 
Accordingly, we overrule appellants= fourth issue.








The judgment of the court is affirmed.

 

_________________________

 DON WITTIG

Justice

 

Do not publish.

Tex.
R. App. P.
47.3.

 

Opinion delivered and
filed

this 1st day of
August, 2002.

 











[1]
Retired Justice Don Wittig assigned to this Court by the Chief Justice of the
Supreme Court of Texas pursuant to Tex.
Gov=t Code Ann. '
74.003 (Vernon 1998).





[2]  Marino Investments was named on the earnest
money contract but was not the actual builder. 
The actual builder was Marino Home Builders, Inc.  No party contests this finding by the trial
court.





[3]  In its last sentence under this argument,
appellants ask us, in the alternative, to remand for factual
insufficiency.  However, appellants
neither brief nor support this contention with citation to the record.  Therefore it is waived.  Kang v. Hyundai Corp. (U.S.A.), 992
S.W.2d 499, 503 (Tex. App.BDallas
1999, no pet.)  In any event, our
analysis of the legal sufficiency, de facto demonstrates the factual
sufficiency.





[4]  Nor do we believe the cited testimony is any
more than an expression of a future intention to send someone to repair the
garage and a later opinion that the garage was fixed.





[5]  At least one other court views this as a
matter of law challenge.  See Homes v.
Alwattari, 33 S.W.3d 376, 383 (Tex. App.-‑Fort Worth 2000, pet.
denied).  We believe this is inconsistent
with Tex. Prop. Code Ann. '
27.004(k) (Vernon 2000)(reasonablnes or offer of settlement or refusal is
question of fact).

 





[6]  The challenged finding is that appellants=
refusal of the offer was unreasonable, not that appellee=s
offer was unreasonable.