Pat SULLIVAN, Appellant,

v.

Randall K. HOOVER, d/b/a Hoover
Construction Co., Appellee.

No. 04–89–00213–CV.

Court of Appeals of Texas,
San Antonio.

Dec. 13, 1989.

E.S. Prashner, Ertel & Prashner, San
Antonio, for appellant.

Robert F. Ritter, Law Office of Robert
F. Ritter, San Antonio, for appellee.

Before BUTTS, CHAPA and BIERY,
JJ.

## OPINION

CHAPA, Justice.

Appellant, Pat Sullivan, appeals from a
summary judgment granted against him
and in favor of appellees, Randall K. Hoo-
ver, d/b/a Hoover Const. Co. and R.K.
Hoover Const. Co. This suit arose from a
construction contract between the parties
to repaint and remodel appellant's home.
The contract was entered into on March 3,

1981 and finally resulted in the filing of a Material and Mechanics Lien Contract on January 26, 1982. Plaintiff's Original Petition was filed on May 22, 1985, and a Second Amended Original Petition was filed on December 2, 1988.

On March 23, 1989, the trial court granted appellee's Motion for Summary Judgment based on the Statute of Limitations. It is from this order, that this appeal is taken.

The sole issue is whether the trial court erred in granting the summary judgment. We partially reverse.

■ The appellee in a summary judgment appeal has the burden of establishing that as a matter of law there is no genuine issue of fact. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex.1970). In this case, appellees have the burden of establishing that all of appellant's causes of action are barred by limitations. "Pleadings are sufficient under the Rules of Procedure if they give fair and adequate notice to the adversary." *Kissman v. Bendix Home Systems*, 587 S.W.2d 675, 677 (Tex. 1979).

> When there are no special exceptions, a petition will be construed liberally in favor of the pleader. *Stone v. Lawyers Title Ins. Corp.*, 554 S.W.2d 183, 186 (Tex.1977). Also, "[t]he court will look to the pleaders intendment and the pleading will be upheld even if some element of a cause of action has not been specially alleged. Every fact will be supplied that can reasonably be inferred from what is specifically stated." *Gulf, Colorado & Santa Fe Railway Co. v. Bliss*, 368 S.W.2d 594, 599 (Tex.1963).

*Roark v. Allen*, 633 S.W.2d 804, 809 (Tex. 1982).

■ The two-year Statute of Limitations applies to this DTPA claim. TEX.BUS. & COM.CODE ANN. § 17.56A (Vernon Supp. 1985); *Brooks Fashion Stores Inc. v. North–Park Nat'l Bank*, 689 S.W.2d 937, 943 (Tex.App.—Dallas 1985, no writ). Further, "[s]uits for damages for fraud are governed by the two-year Statutes of Limitations. TEX.BUS.CIV.STAT.ANN. art. 5526 (now codified as Texas Civil Practice

and Remedies Code § 16.003); *Blondeau v. Sommer*, 139 S.W.2d 223 (Tex.Civ.App. 1940, writ ref'd); *National Resort Communities, Inc. v. Short*, 712 S.W.2d 200 (Tex.App.—Austin 1986, writ ref'd n.r.e.)." *Stewart v. City of Austin*, 744 S.W.2d 682, 683 (Tex.App.—Austin 1988, writ ref'd).

■ However, actions for breach of contract and under the Texas Business & Commerce Code § 27.01 are covered by the four-year Statute of Limitation. TEX.CIV. PRAC. & REM.CODE ANN. § 16.051 (Vernon 1986); *Perry Roofing Co. v. Olcott*, 722 S.W.2d 538 (Tex.App.—Fort Worth 1986), *aff'd*, 744 S.W.2d 929 (Tex.1988); *Brooks*, 689 S.W.2d at 943.

"All that is required to arrest the Statute of Limitations is a petition that advises a defendant of the nature of the cause of action against him, regardless of how defectively this is done. *Sheldon Indep. Sch. Dist. v. M.L. Hudson Elec. Co.*, 567 S.W.2d 541, 543 (Tex.Civ.App.—Tyler 1978, no writ); *City of Laredo v. South Texas National Bank*, 775 S.W.2d 729 (Tex.App.—San Antonio 1989, no writ).

This record reflects that no special exceptions were ever filed and the following:

1) On 5/22/85, appellant filed his Original Petition against Randall K. Hoover, d/b/a Hoover Const. Co. only, alleging facts amounting to a breach of contract and DTPA violations, but in the prayer only specifically plead for relief under the DTPA in addition to a general prayer for damages.

2) On 5/30/85, appellee filed a Motion for Summary Judgment, recognizing the breach of contract claim but alleging that the contract was not with appellee, Randall K. Hoover, d/b/a Hoover Const. Co., but with R.K. Hoover Cost. Co., Inc. No mention was made about limitations.

3) Also on 5/30/85, appellee Randall K. Hoover, d/b/a Hoover Const. Co. filed his Original Answer recognizing the breach of contract claim but insisted that the contract was between the appellant and R.K. Hoover Const. Co. only.

4) On 9/18/85, appellee's Motion for Summary Judgment was denied.

5) On June 7, 1985, appellant filed his First Amended Original Petition identical to the Original Petition that merely added R.K. Hoover Const. Co. as an additional defendant.

6) On 7/8/85 appellee, R.K. Hoover Const. Co., Inc., represented by the same attorney who represented Randall K. Hoover, d/b/a, Hoover Const. Co., filed its Original Answer, recognizing again appellant's breach of contract claim but contending that appellant was estopped from assenting the breach claim because appellant had breached the contract also.

7) On 11/28/88, appellees Randall K. Hoover and R.H. Hoover Const. Co., Inc. filed their First Amended Original Answer again recognizing appellant's breach of contract claim, but contending that appellant was estopped from asserting the claim because the appellant had breached the contract also.

8) On 12/2/88, appellant filed his Second Amended Original Petition alleging the identical facts in his Original Petition, and simply added a specific claim for damages under Section 27.01, Texas Business and Commerce Code and common law fraud.

9) On 1/4/89, appellees Randall K. Hoover and R.K. Hoover Const. Co. filed their Second Amended Original Answer conceding that appellant's Second Amended Original Petition alleged a breach of contract cause of action, but asserting that the 4 years limitations applied, and that the cause was not commenced within four years.

10) On 3/23/89, appellees Second Motion for Summary Judgment was granted as to all causes of action because they were barred by limitations.

Thus, it is clear from the record that at least as of 5/30/85 and 7/8/85 both appellees recognized appellant's breach of contract cause of action as evidenced by their answers and other pleadings. However, appellees nevertheless insisted before the trial court and now before this court that no breach of contract claim was filed by appellants until 12/2/88 when appellant filed his Second Amended Petition. They argue that as a result, limitations have run as to all appellant's claims and the Summary Judgment should be affirmed. We disagree.

■ The DTPA and common law fraud claims were not commenced within two years and are barred by limitations. We affirm the summary judgment as to these cause of actions.

■ However, we hold that because no exceptions were filed, appellant's pleadings must be construed liberally; that appellant's pleadings, liberally construed, gave fair and adequate notice to appellees of the breach of contract claim from the outset, as evidence by appellees' own pleadings; that the § 27.01 cause of action asserted in appellant's Second Amended Pleadings grows out of the same transaction and relates back to the date of the Original Petition, *Leonard v. Texaco, Inc.*, 422 S.W.2d 160 (Tex.1967); and that these causes of action were commenced within four years and are not barred by limitations.

Therefore, the judgment is reversed and remanded as to the breach of contract and § 27.01 causes of action, and affirmed as to the DTPA and common law fraud causes of action.