**Lena Olsen POOLEY a/k/a Lena Olsen Hupp, Appellant,**

v.

**Bernard Jerome SEAL d/b/a Berney Seal Co. Realtors, et al., Appellee.**

**13–90–008–CV.**

Court of Appeals of Texas, Corpus Christi.

Dec. 31, 1990.

Rehearing Overruled Jan. 31, 1991.

Scott L. Smith, Corpus Christi, for appellant.

Larry J. Adams, Francis I. Gandy, Jr., Corpus Christi, for appellee.

Before NYE, C.J., and DORSEY and KEYS, JJ.

## OPINION

DORSEY, Justice.

Mrs. Pooley sued Grossman, a real estate agent for Seal, and Seal, who co-brokered the sale of a residence to her, under the Texas Deceptive Trade Practices Act (DTPA), Tex.Bus. & Com.Code Ann. § 17.41 *et seq.* (Vernon 1987 & Supp.1991), and under the Fraud in Real Estate and Stock Transactions statute, Tex.Bus. & Com.Code Ann. § 27.01 (Vernon 1987). Appellees filed motions for summary judgment based on the statute of limitations, which the trial court granted. Appellant argues under two points of error that the trial court erred in granting the motions because limitations does not bar the causes and because a genuine issue of material fact exists on when Pooley discovered the facts of which she complains. In her reply brief, she points out that a four-year limitation applies to her real estate fraud cause of action. We reverse and remand.

When seeking a summary judgment, the burden is on the movant to show entitlement to judgment as a matter of law.

*MMP, Ltd. v. Jones,* 710 S.W.2d 59, 60 (Tex.1986); *Denison v. Haeber Roofing Co.,* 767 S.W.2d 862, 864 (Tex.App.—Corpus Christi 1989, no writ). A summary judgment may only be granted in favor of a movant whose evidence in support of the motion establishes his right to judgment as a matter of law. *Gibbs v. General Motors Corp.,* 450 S.W.2d 827, 828 (Tex.1970). When a defendant moves for summary judgment based on an affirmative defense, it is his burden to prove conclusively all elements of the affirmative defense as a matter of law and preclude all genuine issues of material fact. *Montgomery v. Kennedy,* 669 S.W.2d 309, 310–11 (Tex. 1984). When we review the propriety of a summary judgment, we indulge every inference in favor of the nonmovant. *Goswami v. Metropolitan Sav. & Loan Ass'n,* 751 S.W.2d 487, 491 (Tex.1988).

Pooley executed an earnest money contract with the homeowner in May, 1984, and the transaction closed in June, 1984. In September, 1986, she discovered extensive structural damage to her home. Contractors began repairs in or before December, 1986. The lawsuit was filed on January 5, 1989.

By their motions for summary judgment, both Seal and Grossman allege that limitations began to run at the time of the alleged acts, by June, 1984, and that if the discovery rule applies, that she had discovered the facts which are the basis of the claim by September, 1986. They argue that in either case, the two-year statute of limitations barred the 1989 suit. Their summary judgment proof includes excerpts from deposition testimony that show Pooley discovered extensive structural damage in September, 1986.

Pooley's Response to the motions for summary judgment consists of affidavits showing that when she discovered the damage, she did not know that it predated her purchase of the residence. She alleges Grossman represented that various experts had thoroughly inspected the property, and induced her not to have a structural examination of the property before closing. The affidavits of C. Brock Thomas and of Mike Krismer, contractors who made the repairs, state that they did not inform her of the age of the damage at the time of repair. In her affidavit, Pooley states that she noticed the decking around her swimming pool buckling on or about January 7, 1987, and only then began considering whether the problems with the property existed before she bought it and whether Seal and Grossman deceived and defrauded her.

## THE DTPA

The Deceptive Trade Practices Act provides that an action shall be brought within two years of (1) the false, deceptive, or misleading act or practice, or (2) the discovery of that act or practice, or (3) when the false, misleading or deceptive act or practice should have been discovered in the exercise of reasonable diligence. Tex. Bus. & Com.Code Ann. § 17.565 (Vernon 1987). The alleged misrepresentation, that the home had been thoroughly inspected by various experts, was made shortly before closing on June 22, 1984. Appellant states in her affidavit accompanying her response to the motion for summary judgment that "[t]he possibility that I had been deceived and defrauded by Mr. Seal and Mr. Grossman had not even crossed my mind prior to January 7, 1987." Suit was filed on January 5, 1989, within two years of from the date that appellant discovered the alleged deception.

The issue then becomes whether appellant, by the exercise of reasonable diligence, should have discovered the purported deceptive act prior to January 7, 1987. Appellees argue that discovery of the structural damage to the home in September, 1986, either (1) is tantamount to the discovery of the misleading act, citing *Hanmore Dev. Corp. v. JBK Enter.,* 776 S.W.2d 738 (Tex.App.—Corpus Christi 1989, writ denied), or (2) put appellees on notice so they should have discovered the alleged violation through the exercise of due diligence, citing *White v. Bond,* 362 S.W.2d 295, 296 (Tex.1962).

In both *Hanmore Dev. Corp.* and *Tenowich v. Sterling Plumbing Co.,* 712 S.W.2d 188, 190 (Tex.App.—Houston [14th Dist.]

1986, no writ), the discovery of extensive structural damage was held sufficient to start the limitations period. However, in both cases, the defects were discovered in new construction and they were both major defects: multiple leaks in pipes and extensive leaks in a new roof. Such defects in new construction may require one to make inquiry, to exercise due diligence, to determine if a false, misleading, or deceptive act has been committed by the builder.

Here, appellant purchased an older residence and the alleged deceptive act was the assertion that the house had been subject to thorough inspections. We cannot say that as a matter of law the discovery of the structural problems was tantamount to the discovery of the misleading act by the exercise of due diligence.

■■■ The discovery rule is a plea in confession and avoidance to prevent the operation of the statute of limitations, and at trial the burden is on the party relying on it to plead and prove it. *Woods v. William M. Mercer, Inc.*, 769 S.W.2d 515, 517 (Tex.1988). However, this burden of proof does not apply in a summary judgment context. There the burden is on the movant, usually the defendant, to negate the discovery rule by proving as a matter of law that no issue of material fact exists concerning when the plaintiff discovered or should have discovered the act. *Weaver v. Witt*, 561 S.W.2d 792, 794 (Tex.1977); *see Woods*, 769 S.W.2d at 518 n. 2. Here, a factual issue exists about when appellant should have discovered the claimed deceptive act. Because this is a material element of the statute of limitations defense, the summary judgment was improper. Thus, we remand her DTPA causes for trial.

### REAL ESTATE FRAUD ACTION

■■ Pooley brought an action against appellees under the Fraud in Real Estate and Stock Transactions statute, Tex.Bus. & Com.Code Ann. § 27.01. Such an action for fraud is subject to a four-year limitation statute. *Sullivan v. Hoover*, 782 S.W.2d 305, 306 (San Antonio 1989, no writ); *see Williams v. Khalaf*, 802 S.W.2d

651 (Tex.1990); Tex.Civ.Prac. & Rem.Code Ann. §§ 16.004(a)(3) and 16.051 (Vernon 1986); *see also Lesbrookton, Inc. v. Jackson*, 796 S.W.2d 276, 285 (Tex.App.—Amarillo 1990, no writ).

■■ Although the alleged misrepresentations occurred in 1984, Pooley alleges that she discovered the structural problems in September, 1986, and became aware of the possibility of fraud in January, 1987. Suit was filed in January 1989. An action for fraud accrues upon the perpetration of the fraud, or if the fraud is concealed, when it is discovered or, through the exercise of reasonable diligence, should have been discovered. *Woods*, 769 S.W.2d at 517; *Quinn v. Press*, 135 Tex. 60, 140 S.W.2d 438, 440 (1940). By affidavit, Pooley states that before entering the purchase contract, she required a provision requiring a structural engineer's report, and that Grossman and Seal placed such a provision in the contract. In her deposition, Pooley testifies that Grossman was to take care of the inspections while she was in Florida, and that he called to tell her of inspections he had completed, but she never received written reports. She alleges in the affidavit that just before the closing, Grossman represented that various experts had thoroughly inspected the house and advised that a structural engineer's report would be a waste of money.

No summary judgment evidence proves that Mrs. Pooley discovered or should have discovered the fraud more than four years before filing suit. She discovered the defect approximately two and one-half years before filing the action. The movants have not shown that limitations bar the real estate fraud causes of action. We sustain Appellant's point of error.

We REVERSE the trial court's judgment and REMAND the cause for trial.

KEYS, J., dissents and concurs.