**Jeani WALLACE, Appellant,**

v.

**Eva Mae COLLINS, Executrix of The Estate of Howard Glenn Collins, Deceased, Appellee.**

No. 06–97–00141–CV.

Court of Appeals of Texas, Texarkana.

Submitted Nov. 19, 1998.

Decided Dec. 17, 1998.

Rehearing Overruled March 9, 1999.

---

John D. Copeland, Attorney at Law, Dallas, for appellant.

W.T. Allison, II, Attornet at Law, Sulphur Springs, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

CORNELIUS, Chief Justice.

Jeani Wallace appeals from an adverse summary judgment. Wallace filed suit against Eva Mae Collins, Executrix of the Estate of Howard Glenn Collins, to recover a legacy, compel the filing of an inventory, require an accounting and distribution, and remove Collins as independent executrix. Collins filed her motion for summary judgment on the ground that the statute of limitations barred Wallace's claims. The trial court granted her motion and rendered summary judgment against Wallace. We reverse the judgment of the trial court.

The facts are undisputed. Howard Glenn Collins, the decedent, died on August 5, 1991. At the time of his death, he was married to Eva Mae Collins. During his life, Howard Collins was married four times to three different women. During his first marriage, he adopted two children, Darlyn Copher and Harold Collins. Subsequently, he had two more wives and three more children. His spouse, Collins, and five children survived him. Jeani Wallace is the granddaughter of the decedent Collins and the daughter of Darlyn Copher.

The decedent's will was admitted to probate, and his surviving wife, Eva Mae Collins, was appointed independent executrix of his estate on August 15, 1991. On December 16, 1991, four of the decedent's children executed partial disclaimers, pursuant to TEX. PROB.CODE ANN. § 37A (Vernon Supp.1999). Wallace did not execute a disclaimer, and the record does not show that her mother executed a disclaimer.

Mr. Collins' will contains three dispositive provisions. Section one bequeaths all of his household furnishings, jewelry and personal effects, and personal automobiles to his wife, Collins. Section two devises the principal residence to Collins. Section three devises certain property to a testamentary trust. The amount of the devise to the trust is determined by a complicated formula in the will. The exact provisions of the trust and the will are not relevant to this appeal.

On May 13, 1994, Collins, the executrix, executed seven warranty deeds conveying estate property to the testamentary trust created in the will.

No other papers were filed in this estate proceeding until August 15, 1997, when Wallace filed three separate pleadings against Collins. First, Wallace filed a Petition by Legatee Against Representative to Recover Legacy and for Temporary Restraining Order and Temporary Injunction. Second, she filed an Application to Compel Filing of Inventory Pursuant to Probate Code § 250. Third, she filed a Complaint for Removal of Representative [for] Failure to Prepare Inventory, Render Account, and Make Distribution.

In response to the pleadings filed by Wallace, Collins filed an Inventory and Appraisement on September 12, 1997. She also filed an original answer, a response to the Complaint for Removal of Representative, and a

response to the Application to Compel Filing of Inventory.

Collins filed her motion for summary judgment on the ground that the statute of limitations barred Wallace's claims. Specifically, she relied on Tex. Civ. Prac. & Rem.Code Ann. § 16.004 (Vernon 1986). Wallace responded that Section 16.004 did not bar her causes of action. The trial court rendered summary judgment in favor of Collins.

Wallace contends that the statute of limitation is inapplicable here because Collins has not made a final settlement of the decedent's estate. She argues that the estate is still open and she can proceed on her claims for an inventory, accounting, and distribution and for removal of Collins. Collins argues that Wallace had four years from the date the independent administration began to file her lawsuits. In the alternative, Collins contends that Wallace had four years from the day she turned eighteen to file her claims. Because Wallace's lawsuits were filed more than six years from either of these dates, Collins asserts that the statute of limitations bars Wallace's claims.

■ The trial court has the power to hear all matters incident to an estate only in those instances where a probate proceeding, such as the administration of an estate, is actually pending in the court in which the suit is filed. *Estate of Hanau*, 806 S.W.2d 900, 904 (Tex.App.—Corpus Christi 1991, writ denied). While the estate is still open, the trial court has authority to remove an independent executor, compel an accounting, or order a distribution. *See id.* The statute of limitations will not bar Wallace's lawsuits if the estate is still open. *Id.*

The movant for summary judgment has the burden to produce summary judgment evidence establishing her right to judgment as a matter of law. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex.1970); *Pooley v. Seal*, 802 S.W.2d 390, 391–92 (Tex. App.—Corpus Christi 1990, writ denied). When a defendant moves for summary judgment based on an affirmative defense, she has the burden to prove conclusively all elements of the affirmative defense as a matter of law and preclude all genuine issues of material fact. *Montgomery v. Kennedy*, 669 S.W.2d 309, 310–11 (Tex.1984). When we review the propriety of a summary judgment, we indulge every inference in favor of the nonmovant. *Goswami v. Metropolitan Sav. & Loan Ass'n*, 751 S.W.2d 487, 491 (Tex. 1988).

■ From a review of the summary judgment evidence, we conclude that a genuine issue of material fact exists as to whether the estate is still open. In her motion for summary judgment, Collins contends that all the assets of the estate have been distributed and the estate is closed. In support of her motion, she attached seven warranty deeds that conveyed property from the estate to the testamentary trust. The Inventory, Appraisement and List of Claims, however, filed with the trial court, listed twenty-one pieces of real property owned by the estate. Wallace contends in her response to the summary judgment that the bulk of the estate passes under the laws of intestacy because the will did not contain a residuary clause. Thus, she argues, the estate has not been distributed and is still open. Additionally, Collins has not filed a final accounting with the trial court. Collins filed an inventory of the estate only after Wallace brought her suit.

It was not proper for the trial court to render summary judgment based on limitations when a fact issue exists as to whether the estate is still open. If the estate is still open, the trial court has jurisdiction to hear Wallace's claims, and the statute of limitations does not bar her causes of action. *See Estate of Hanau*, 806 S.W.2d at 904.

If the estate is closed, the question is whether Wallace's suit was brought within four years from the time her causes of action accrued. Wallace contends that Section 149B of the Texas Probate Code requires a two-year waiting period before a person interested in the estate can petition a court for an accounting and distribution. The will was probated on August 26, 1991. The two-year waiting period ended on August 26, 1993. Wallace argues that if a statute of limitations does apply, she had four years from August 26, 1993, to file her pleadings. She filed her pleadings on August 15, 1997, which was

within four years from August 26, 1993. In her brief, Collins maintains her argument that Wallace had four years from the date the will was admitted into probate to bring her causes of action.

Section 149B only allows a mandatory distribution of an estate by an independent executor after the expiration of two years from the date that an independent executor was created and the order appointing an independent executor was entered. TEX. PROB.CODE ANN. § 149B (Vernon Supp. 1999); *Baker v. Hammett,* 789 S.W.2d 682, 685 (Tex.App.STexarkana 1990, no writ). The earliest Wallace could seek distribution was August 26, 1993. *Baker v. Hammett,* 789 S.W.2d at 685. If the trial court is without authority to order a distribution of the estate, it is also without authority to remove the independent executor under TEX. PROB.CODE ANN. § 222 (Vernon Supp.1999). *Baker v. Hammett,* 789 S.W.2d at 685. Thus, Wallace could not request a distribution or the removal of Collins until two years after the will was admitted to probate. *Id.* If a four-year statute of limitations applies to Wallace's distribution and removal causes of action, limitations began to run on August 26, 1993. Wallace filed her pleadings within four years of the starting date and was not barred by the statute of limitations. We find that the trial court improperly granted summary judgment based on a four-year statute of limitations.

If the estate is closed, we find that Wallace's causes of action for an inventory, an accounting and distribution, and legacy were brought within the four-year statute of limitations. In such a case, Wallace's petition to remove Collins as executor is moot. The trial court does not have the authority to remove an executor once an estate has been closed. *Estate of Hanau,* 806 S.W.2d at 904.

The trial court improperly granted the motion for summary judgment. A genuine issue of material facts exists as to whether the estate is still open. If the estate is still open, the trial court has the authority to hear Wallace's claims, and she is not barred by the Texas Civil Practice and Remedies Code. If the estate is closed, Wallace had four years from August 26, 1993, to bring her causes of

action. Since she filed her pleadings on August 15, 1997, she was within any four-year period.

For the reasons stated, the judgment is reversed, and the cause is remanded for trial.