

## NUMBER 13-12-00720-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

AGD, L.P. AND ANABELL CARDONA,                    **Appellants,**

**v.**

QUEST PRINCIPAL INVESTMENTS,
INC., JUAN LEAL, RAUL A. PENA, MD,
RUBEN CASTILLA AND RSRA, L.P.,                    **Appellees.**

### On appeal from the 332nd District Court
### of Hidalgo County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Perkes
Memorandum Opinion by Chief Justice Valdez**

Appellants, Anabell Cardona and AGD, L.P., appeal from the trial court's summary

judgment in favor of appellees, Raul A. Pena, M.D., Juan Leal, Ruben Castilla, Quest

Principal Investments, Inc., and RSRA, L.P. By seven issues, appellants contend that the trial court's summary judgment is erroneous.[1] We affirm.

## I. BACKGROUND

Cardona and AGD entered into various contracts or agreements regarding the purchase of property and the construction of several buildings with appellees, Dr. Pena and Quest. Dr. Pena, Castillo, and Leal formed Quest, a construction company. Appellants eventually sued appellees for fraud, breach of contract, negligence, negligent misrepresentation, gross negligence, DTPA violations, and under an alter ego theory. The claims arose out of three separate agreements concerning three different properties in three Texas cities—Mission, Edinburg, and Weslaco—each involving different types of performance and/or construction work. Each contract had its own set of facts, terms, and circumstances.

On June 27, 2008, appellants filed their original petition in the 332nd District Court for breach of contract regarding a contract to jointly purchase property in Mission (the "Mission Property"). Appellants filed a second and a third amended petition each dealing only with the Mission Property. Then, on April 26, 2012, appellants filed their live pleading—their Fourth Amended Petition—including for the first time causes of action regarding properties appellants owned in Edinburg (the "Edinburg Property") and Weslaco (the "Weslaco Property").

---

[1] Appellants complain in their first issue that "[t]he trial court reversibly erred in granting the motion for summary judgment. *Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119 (Tex. 1970) (This issue applies to all issues)." However, appellants have not independently briefed their first issue. Instead, appellants incorporate their first issue into their remaining issues. Thus, we will address appellants' first issue within our analysis of appellants' other six issues. In other words, we will determine whether the trial court erroneously granted summary judgment when we analyze appellants' six other issues. Therefore, we have reorganized and renumbered appellants' remaining issues.

In their Fourth Amended Petition, appellants claimed that appellees committed fraud, breach of contract, negligence, negligent misrepresentation and gross negligence in their business dealings regarding the Mission Property. Specifically, appellants alleged that Quest violated the terms of a contract to jointly purchase the Mission Property by selling it to appellee, RSRA, without giving appellants the contractual right of first refusal.

Next, appellants claimed that appellees committed fraud, breach of contract, negligence, negligent misrepresentation, and gross negligence regarding the Edinburg and Weslaco Properties. Appellants claimed that appellees "materially misrepresented [their] willingness to perform the agreement as written."

Regarding the Edinburg Property, appellants stated that Quest, through its d/b/a, Hacienda Custom Builders, entered into a fixed rate contract for the turnkey construction of twelve units of student housing to be completed no later than July 4, 2006 for the payment of $471,000. Appellants alleged that Quest, Castillo, Dr. Pena, and Leal committed fraud by misrepresenting their ability to perform the agreement as written, for the price given, and in the time frame specified. Appellants claimed that appellees breached the contract by not completing the construction of the units in the specified time, for the specified sum, and for not performing in a good and workmanlike manner. Appellants further claimed that appellees committed negligence, gross negligence, and negligent misrepresentation in regard to the Edinburg Property because appellees allegedly had a "duty to inform [appellants] that the estimate of time and cost was unreasonable," appellees recklessly informed appellants that the construction could be performed for the price and during the specified time period, and appellees "failed to inform [appellants] that the work could not be completed as contemplated."

3

Regarding the Weslaco Property, appellants stated that they had entered into a contract with Quest, through its d/b/a, Hacienda, for Hacienda to construct and remodel property for the purpose of a nursing school. Appellants described the contract as a "fixed rate contract, providing for the payment of $1,089,600 for the turnkey construction of the commercial steel building" to be completed no later than May 26, 2007. Appellants claimed that appellees committed fraud by misrepresenting "their ability to perform the agreement as written, for the price given, and in the time frame specified." Appellants further alleged that the "property [cannot] be completed due to substantial construction defects, and hence all funds expended are wasted."[2] Appellants alleged that appellees breached the contract because the construction was not completed in the specified time and within the specified amount quoted. Regarding their allegations of negligence, gross negligence, and negligent misrepresentation, appellants claimed that appellees had "a duty to inform [appellants] that [appellees] were grossly unqualified to perform the work, and that . . . the estimate of time and cost was unreasonable."

Quest filed a counterclaim against appellants, Gabalan, L.L.C., and Valley Grande Institute for Academic Studies ("VGI"). Gabalan and VGI were never served and are not parties to this appeal. Quest claimed that appellants failed to construct an educational facility for Valley Grande in an area designated by AGD on the Mission Property as agreed by appellants. Quest alleged that appellants failed to secure the necessary zoning changes and building permits for the planned construction, thus, Quest was forced to do

---

[2] Appellants do not appear to argue that they had a cause of action for damages to property not the subject of the contract based on any of the alleged defects.

4

so. Quest also claimed that appellants failed to make payments on the note for the Mission Property, which constituted a breach of contract.

Regarding the Weslaco Property, Quest claimed that appellants failed to pay for its work "despite the fact that [Quest] had completed substantial parts of the work on the remodeling project entitling it to a draw in the amounts equal to the amount of work completed." Quest alleged that appellants failed to make the required draw because appellants did not "apply the construction loan proceeds to the Weslaco Project."

Finally, as to the Edinburg Property, Quest claimed that appellants breached the contract by failing to pay the "required draws despite the fact that Quest had completed substantial parts of the work on the project entitling it to a draw in the amounts equal to the amount of work completed." Quest stated that appellants did not pay the draw because appellants failed to apply the construction loan proceeds to the Edinburg Property and instead "illegally used the construction loan proceeds to pay for other non-construction related undertakings or projects."

Appellees filed a joint motion for no evidence and traditional summary judgments.[3] In their motion for no evidence summary judgment, appellees challenged all of appellants' causes of action for the three properties. The motion for no evidence summary judgment challenged all elements of each of appellants' causes of action and factual allegations supporting their cause of action for each property. In their motion for traditional summary judgment, appellees asserted the affirmative defense that the statute of limitations barred appellants' claims regarding the Edinburg and Weslaco Properties.

---

[3] As explained further below, we will only address appellees' motion for traditional summary judgment regarding the Edinburg and Weslaco Properties as it is dispositive of this appeal.

5

After appellees filed their motion for summary judgment, appellants filed a motion in the 332nd District Court to consolidate the underlying lawsuit with a case pending in another district court, which appellants claim relate to these proceedings.[4]  Instead, the trial court held a hearing on appellees' no evidence and traditional motion for summary judgment on October 15, 2012 and then granted a general final summary judgment.[5]  This appeal followed.

## II.    FINALITY OF JUDGMENT

By their first issue, appellants argue that we must reverse the summary judgment because it purports "to dispose of all claims and all parties when it did not and could not do so, and the motion fails to comply with [Texas Rule of Civil Procedure] 166a(i)." Appellees respond that the trial court's summary judgment in this case was "final and appealable" because it states in pertinent part, "It is therefore ordered that [appellants'] claims are hereby dismissed.  This Judgment finally disposes of all parties and all claims and is appealable."  It appears that appellees have construed appellants' argument as challenging the finality of the judgment.  However, in their brief, appellants agree that the summary judgment is final.

According to appellants the above-quoted language makes the order final and appealable.  However, appellants contend that the trial court's conclusion that all claims and all parties have been resolved is "fatally erroneous."  Specifically, appellants argue that there are other claims that appellees did not address in their motion for summary judgment, including the following:  (1) "the critical motion to consolidate"; (2) "their

---

[4] However, the record does not contain a ruling from the trial court on this motion.

[5] On December 13, 2012, the trial court held a hearing to reconsider its ruling on appellees' motion for summary judgment.  The trial court denied the motion to reconsider its ruling on the summary judgment.

6

[appellees] third-party claim against Gabalan and VGI"; (3) claims of VGI and Gabalan against [appellees]"[6]; and (4) "standing or capacity issues."[7] It is unclear from their brief what relief appellants specifically seek regarding finality of the summary judgment. It appears that appellants are arguing that we must reverse the entire summary judgment because it included the finality language in error.[8]

An appeal lies from a final summary judgment, but for a summary judgment to be final, it must dispose of all issues and parties. *Teer v. Duddlesten*, 664 S.W.2d 702, 704 (Tex. 1984). A summary judgment that does not dispose of all the parties or issues is one that is interlocutory. *Id.* A partial or interlocutory summary judgment may be made final if the judgment severs the issues and parties that are left un-adjudicated. *Id.* "[I]n cases in which only one final and appealable judgment can be rendered, a judgment issued without a conventional trial is final for purposes of appeal if and only if either it actually disposes of all claims and parties then before the court, regardless of its language, or it states with unmistakable clarity that it is a final judgment as to all claims and all parties." *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 192–93 (Tex. 2001).

The Texas Supreme Court has directed appellate courts to treat an erroneous final summary judgment as a final judgment for purposes of appeal and reach all of the appellant's issues. *Bandera Elect. Coop., Inc. v. Gilchrist*, 946 S.W.2d 336, 337 (Tex. 1997). When confronted with such a summary judgment, we "should treat [it] as any other

---

[6] Gabalan and VGI are not parties to this appeal, thus, we are unable to address any issues brought by appellants on their behalf.

[7] Appellants have not provided any explanation regarding their capacity and standing issues.

[8] Appellants do not argue that this Court lacks jurisdiction because the summary judgment is not final. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.012 (West, Westlaw through 2013 3d C.S.); *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001).

7

final judgment, considering all matters raised and reversing only those portions of the judgment based on harmful error." *G & H Towing Co. v. Magee*, 347 S.W.3d 293, 298 (Tex. 2011) (citing *Page v. Geller*, 941 S.W.2d 101, 102 (Tex. 1997) (per curiam)).

Here, the trial court's summary judgment states that the judgment "finally disposes of all parties and all claims and is appealable." *See Lehmann*, 39 S.W.3d at 200 ("[T]he language of an order or judgment can make it final, even though it should have been interlocutory, if that language expressly disposes of all claims and all parties. It is not enough, of course, that the order or judgment merely use the word 'final.'"). The trial court made the judgment final by stating with unmistakable clarity that it is a final judgment as to all claims and parties, that the judgment was final, and that the judgment was appealable.[9] *See id.*, 39 S.W.3d at 192–93. Thus, we must treat it "as any other final judgment, considering all matters raised and reversing only those portions of the judgment based on harmful error." *See G & H Towing Co.*, 347 S.W.3d at 298.

Based on the above-cited authority, we decline to reverse the summary judgment on the sole basis that the trial court allegedly erroneously included the finality language in its summary judgment.[10] *See Lehmann*, 39 S.W.3d at 200 ("[I]f that intent [to make the judgment final] is clear from the order, then the order is final and appealable, even though the record does not provide an adequate basis for rendition of judgment. So, for example,

---

[9] Although appellees agree that the summary judgment is final and appealable, they argue that their counterclaims must be remanded to the trial court because the trial court only addressed appellants' claims against appellees by stating "It is therefore ordered that [appellants'] claims are hereby dismissed. This judgment finally disposes of all parties and all claims and is appealable." Appellees have not filed a cross-appeal, and it appears from the case law that the above stated language clearly shows that the trial court meant to dispose of all claims and parties, which would include appellees' cross-claims.

[10] The authority we have found and cited requires us to consider the issues raised by appellants to determine whether the judgment is erroneous. *See G & H Towing Co. v. Magee*, 347 S.W.3d 293, 298 (Tex. 2011); *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 192–93 (Tex. 2001); *Bandera Elect. Coop., Inc. v. Gilchrist*, 946 S.W.2d 336, 337 (Tex.1997).

8

if a defendant moves for summary judgment on only one of four claims asserted by the plaintiff, but the trial court renders judgment that the plaintiff take nothing on all claims asserted, the judgment is final—erroneous, but final.").[11]  Appellants acknowledge that the judgment is final, and they wish to appeal it.  We agree that the judgment is final, and we will address all of the complaints that are adequately briefed.  *See* TEX. R. APP. P. 38.1(i).  We overrule appellants' first issue.

### III.    BURDEN OF PROOF

By their second issue, appellants argue that appellees were not entitled to file a no evidence motion for summary judgment on issues upon which appellees had the burden of proof.  Specifically, appellants argue that appellees had the burden to negate the existence of a joint venture or to conclusively prove in a traditional motion they complied with their fiduciary duties.  Appellees respond that they only moved for no evidence summary judgment on issues for which appellants had the burden.

Appellants did not mention in their pleading that they had engaged in a joint venture with appellees.  In addition, appellants did not sue appellees for breach of fiduciary duty. Thus, the trial court could not have given appellants any relief on a breach of fiduciary duty claim.  *See* TEX. R. CIV. P. 301 (providing that the trial court's judgment must conform to the pleadings).  Therefore, appellees were not required to challenge whether a joint venture existed or whether they breached their fiduciary duty, if any.  And appellees did not make such a challenge in their no evidence motion for summary judgment.[12]

---

[11] To the extent appellants argue that their claims are inextricably intertwined and not separable from claims made by parties who are not before us, we are unable to address the argument because appellants have not provided a clear and concise argument with citation to appropriate authority.  *See* TEX. R. APP. P. 38.1(i).

[12] Moreover, the burden of proof to show that a joint venture existed is on the party seeking such a finding.  *State v. Houston Lighting & Power Co.*, 609 S.W.2d 263, 267 (Tex. App.—Corpus Christi 1980,

9

Appellants also argue that appellees moved for no evidence summary judgment on the basis that appellants committed the first breach of contract, an issue upon which appellees had the burden of proof. Appellants cite paragraphs in appellees' no evidence motion for summary judgment stating that appellants have no evidence that they performed or tendered performance under their asserted breach of contract claims.

It is the plaintiff's burden to show that he or she performed or tendered performance. *Petras v. Criswell*, 248 S.W.3d 471, 477 (Tex. App.—Dallas 2008, no pet.) ("A successful breach of contract claim requires proof of the following elements: (1) a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of that breach."). A no evidence summary judgment is proper if it alleges that the plaintiff has no evidence of the elements of its cause of action. TEX. R. CIV. P. 166a(i). Because appellants alleged that appellees breached the contract, appellants had the burden to provide evidence raising an issue of material fact on each element challenged, including that they performed or tendered performance. *See Petras*, 248 S.W.3d at 477. Thus, we cannot conclude that appellees moved for no evidence summary judgment on an issue upon which appellees had the burden of proof. We overrule appellants' second issue.

## IV. EDINBURG AND WESLACO PROPERTIES[13]

write ref'd, n.r.e.). And the burden to show a breach of fiduciary duty is on the plaintiff. *SJW Prop. Commerce, Inc. v. Sw. Pinnacle Prop., Inc.*, 328 S.W.3d 121, 154 (Tex. App.—Corpus Christi 2010, pet. denied). Therefore, even assuming that appellees had moved for no evidence summary judgment on those claims, we conclude that the burden remained with appellants, and therefore, their argument is without merit. Again, as previously stated, appellees had no burden to challenge whether there was in fact a joint venture or a breach of fiduciary duty because appellants made no such claims. Moreover, in their brief, appellants have not challenged the summary judgment on those grounds other than their assertion that appellees had the burden of proof.

[13] Although we usually address the no-evidence motion first when both no-evidence and traditional summary judgment motions are filed, *see Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004), here we will review the propriety of granting the traditional summary judgment first because it is dispositive

By their fifth issue, appellants contend that the statute of limitations does not bar any of their claims. Specifically, appellants argue that the relation back doctrine applies regarding the Weslaco and Edinburg Properties. Appellees respond that the statute of limitations applies.

## A. Statute of Limitations

### 1. Standard of Review

In a traditional motion for summary judgment, the movant has the burden to establish that no genuine issue of material fact exists and that he is entitled to judgment as a matter of law. *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002) (citing TEX. R. CIV. P. 166a(c)); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979). A defendant seeking a traditional motion for summary judgment must either disprove at least one element of each of the plaintiff's causes of action or plead and conclusively establish each essential element of any affirmative defense. *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995) (per curiam); *Sanchez v. Matagorda County*, 124 S.W.3d 350, 352 (Tex. App.—Corpus Christi 2003, no pet.). Thus, appellees had the burden to establish each essential element of their statute of limitations defense. *See Cathey*, 900 S.W.2d at 341; *Sanchez*, 124 S.W.3d at 352.

### 2. Negligence

#### a. Applicable Law

---

of the majority of appellants' claims. *See Reynolds v. Murphy*, 188 S.W.3d 252, 258 (Tex. App.—Fort Worth 2006, pet. denied) (op. on reh'g), *cert. denied*, 549 U.S. 1281, (2007); *see also* TEX. R. APP. P. 47.4.

Thus, because we conclude that summary judgment was proper due to the statute of limitations, we need not address appellants' third and fourth issues regarding the propriety of the no evidence summary judgment as they are not dispositive of this appeal. *See* TEX. R. APP. P. 47.1.

11

Causes of action for negligence, negligent misrepresentation, and gross negligence have a two-year statute of limitations. TEX. CIV. PRAC. & REM. CODE ANN. § 16.003 (West, Westlaw through 2013 3d C.S.); *Dunmore v. Chicago Title Ins. Co.*, 400 S.W.3d 635, 640 (Tex. App.—Dallas 2013, no pet.) (citing *Proulx v. Wells*, 235 S.W.3d 213, 215 (Tex. 2007) (per curiam)). For limitations purposes, a cause of action accrues when the negligent party breaches its duty of ordinary care by some act or omission. *Clade v. Larsen*, 838 S.W.2d 277, 282 (Tex. App.—Dallas 1992, writ denied). When a cause of action accrues is determined as a question of law. *Id.* "The accrual occurs when facts come into existence authorizing a claimant to seek a judicial remedy." *Id.* A party need only be aware of enough facts to apprise him of his right to seek a judicial remedy. *Id.*

b. Edinburg Property

In their Fourth Amended Petition, appellants alleged that appellees made representations that the construction work on the Edinburg Property could be done for the price quoted and in the time required by the contract and that appellees failed to inform appellants that the work could not actually be completed in that time for that price. Appellants stated that appellees "had a duty to inform [them] that the estimate of time and cost was unreasonable. The representation that the work could be done for the price and in the time required by the contract was recklessly made."[14]

---

[14] This is a negligent misrepresentation claim. Appellants did not allege any other negligent acts regarding the Edinburg Property. Specifically, in their Fourth Amended Petition regarding the Edinburg Property as to negligence appellants only stated the following:

[Appellees] had a duty to inform [appellants] that the estimate of time and cost was unreasonable. The representation that the work could be done for the price and in the time required by the contract was recklessly made. [Appellees] failed to inform [appellants] that the work could not be completed as contemplated. As a result, [appellants] relied upon the representations of [appellees], and believing that the project could be and would be

12

In their motion for traditional summary judgment, appellees contended that, as a matter of law, the last day that any negligent misrepresentation could have occurred was on July 4, 2006 and that the accrual date for the negligent misrepresentation claim had to have occurred prior to that date.[15] According to appellees, appellants waited more than two years after the date of completion and appellants knew or should have known of their negligence-based claims at that time.

We conclude that the last day when facts could have come into existence authorizing appellants to seek a judicial remedy was July 4, 2006. This is so because appellants claimed that appellees negligently stated that the Edinburg Property would be completed on July 4, 2006. When appellants failed to complete the project on that date, appellees were then aware of enough facts to apprise them of their right to seek a judicial remedy. We conclude that appellees met their summary judgment burden of showing that appellants' negligence-based claims accrued on July 4, 2006. *See Sw. Elec. Power Co.*, 73 S.W.3d at 215. Thus, appellants' negligence-based claims related to the Edinburg Property were filed outside the two-year statute of limitations. We address the relation back doctrine below.

c.    Weslaco Property

---

completed, invested considerable sums into the work. The sums invested included payments that benefitted [appellees] individually, as well as the corporate fictions.

[Appellants are] damaged in at least the value of the monies expended, loss of a reasonable expectation of profitability, loss of equity, and loss of credit.

[15] In their response to appellees' motion for summary judgment, appellants made no argument countering appellees' contention that the date of accrual for appellants' breach of contract claim regarding the Edinburg Property was on July 4, 2006, or that the date of accrual of their breach of contract claim regarding the Weslaco property occurred on May 26, 2007. Instead, they generally argued that the relation back doctrine applies.

13

Regarding the Weslaco property, appellees argued that the accrual date was May 26, 2007 and that appellants' Fourth Amended Petition had been filed outside the four-year statute of limitation, which ended on May 26, 2011. In their Fourth Amended Petition, appellants alleged that regarding the Weslaco property, appellees committed the negligent acts or omissions by failing to "inform" appellants that appellees "were grossly unqualified to perform the work, and that the estimate of time and cost was unreasonable." Appellants alleged that "[t]he representation that the work could be done by them, and for the price and in the time required by the contract was recklessly made" and that appellees "failed" to inform appellants "that the work could not be completed as contemplated." In their traditional motion for summary judgment, appellees argued that the accrual date for appellants' negligence causes of action was the date of completion, as alleged by appellants in their pleading as May 26, 2007.

On appeal, appellants argue extensively that appellees failed to conclusively prove when any of the causes of action accrued or were discovered. However, in their response to appellees' motion for summary judgment, appellants stated, "The contract was dated May 26, 2006, and was to be completed on May 26, 2007. After the completion date, Quest was fired." We agree with appellees that they met their summary judgment burden of showing that appellants' negligence-based claims regarding the Weslaco property accrued on May 26, 2007, which is the last date appellants could have become aware of enough facts to apprise them of their right to seek a judicial remedy on their claims regarding negligent misrepresentation.[16] Thus, appellees met their summary judgment

---

[16] On appeal, appellants argue that because the contracts to construct the Edinburg and Weslaco properties constituted a "continuing contract," appellees failed to establish that July 4, 2006 and May 26, 2007 were the dates of completion for the contracts. However, appellants did not make this argument in their response to appellees' motion for summary judgment. *See McConnell v. Southside Indep. Sch. Dist.*,

14

burden of establishing that the statute of limitations had expired when appellants filed suit regarding the Weslaco Property.

      3.      Breach of Contract and Fraud

      a.      Applicable Law

Breach of contract and fraud each have a four-year statute of limitations. TEX. CIV. PRAC. & REM. CODE ANN. § 16.004 (West, Westlaw through 2013 3d C.S.). "It is well-settled law that a breach of contract claim accrues when the contract is breached." *Stine v. Stewart*, 80 S.W.3d 586, 592 (Tex. 2002). An action for fraud accrues upon the perpetration of the fraud, or if the fraud is concealed, when it is discovered or, through the exercise of reasonable diligence, should have been discovered. *Woods v. William M. Mercer, Inc.*, 769 S.W.2d 515, 517 (Tex. 1988); *Pooley v. Seal*, 802 S.W.2d 390, 393 (Tex. App.—Corpus Christi 1990, writ denied).

      b.      Discussion

Regarding the Edinburg Property, appellants asserted that appellees breached the contract by not completing the construction "for the sum specified, in the time specified, or in a good and workmanlike manner." Appellants stated that construction should have been completed at the Edinburg Property on July 4, 2006. Thus, appellants claimed that appellees' breach occurred when appellees failed to complete the project on July 4, 2006. We conclude that appellees proved that accrual of appellants' breach of contract claim due to non-completion of the Edinburg Property was on July 4, 2006.

---

858 S.W.2d 337, 341 (Tex. 1993) ("[I]ssues a non-movant contends avoid the movant's entitlement to summary judgment must be expressly presented by written answer to the motion or by other written response to the motion and are not expressly presented by mere reference to summary judgment evidence." (citing *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979)). Therefore, we are unable to reverse on that basis. *See id.*

Next, appellants alleged that appellees breached the contract by not completing the construction for the sum specified in the contract. Again, based on appellants' pleading, accrual of that cause of action was on July 4, 2006. Finally, appellants alleged that appellees breached the contract by not completing the project in a good and workmanlike manner. Based on the pleading, accrual of that Edinburg Property claim was also on July 4, 2006 when appellees allegedly failed to complete the project in a good and workmanlike manner.

Appellants made the exact claims regarding the Weslaco property as they did for the Edinburg Property. Thus, for the same reasons as stated above, we conclude that appellees established that appellants' breach of contract claim as to the Weslaco Property accrued on May 26, 2007.

In their Fourth Amended Petition, appellants asserted that appellees committed fraud with regards to the Edinburg Property by misrepresenting "their ability to perform the agreement as written, for the price given, and in the time frame specified."[17] Thus, appellants' fraud claims as to this property were all discoverable on July 4, 2006 when appellees allegedly failed to construct the project on time, for the specified sum, and as written. Regarding the Weslaco property, appellants made the exact same claims. Thus, for the same reasoning, appellees proved that appellants' fraud claims regarding the Weslaco property accrued on or by May 26, 2007.

---

[17] On appeal, appellants argue that appellees failed to prove when appellants knew or should have known that appellees "were utterly incompetent and inexperienced" or that appellees' had a "pattern of latent construction defects and overdraws, and put two and two together." However, appellants made no such allegation in their Fourth Amended Petition. Therefore, appellees had no duty to show when these alleged misrepresentations accrued.

16

We conclude that appellees showed that the accrual date for appellants' breach of contract and fraud claims for the Edinburg Property was July 4, 2006 and May 26, 2007 for the Weslaco property. Appellants filed their Fourth Amended Petition on April 26, 2012. This was outside the four-year statute of limitations for fraud and breach of contract.[18]

4.    The Relation Back Doctrine

The question becomes whether the relation back doctrine applies to appellants' causes of action. As previously stated, in their response to appellees' motion for summary judgment, appellants argued that under the relation back doctrine, their negligence claims were not barred by the applicable statute of limitations. The relation back doctrine is set out in section 16.068 of the Texas Civil Practices and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.068 (West, Westlaw through 2013 3d C.S.). Section 16.068 provides:

> If a filed pleading relates to a cause of action, cross action, counter-claim, or defense that is not subject to a plea of limitation when the pleading is filed, a subsequent amendment or supplement to the pleading that changes the facts or grounds of liability or defense is not subject to a plea of limitation unless the amendment or supplement is wholly based on a new, distinct, or different transaction or occurrence.

*Id.* Thus, the statute of limitations does not apply if the party files a supplemental or amended pleading that is not "wholly based on a new, distinct, or different transaction or occurrence." *Id.*; *Guajardo v. Liberty Mut. Ins. Co.*, 831 S.W.2d 358, 364 (Tex. App.— Corpus Christi 1992, writ denied) ("The test is if the amended pleading does not allege a

---

[18] For the first time on appeal, appellants contend that the contract for construction on the Weslaco property did not provide a date of completion. However, in their response to appellees' motion for summary judgment, appellants stated, "The contract was dated May 26, 2006, and was to be completed on May 26, 2007." Appellants' argument on appeal does not comport with its argument in the trial court. Thus, we will not consider that issue. *See id.*

17

wholly new, distinct, or different transaction, then it relates back to the original filing, and is not subject to a limitations defense.").

Appellants argue on appeal that the causes of action related to the Edinburg Property had the same operative facts as those facts regarding the Mission Property pleaded in their original petition in the 332nd District Court and in their original petition filed against appellees in a separate lawsuit in another district court that is not before us on appeal.[19] Although appellants argue that they invoked the relation back doctrine in their response to appellees' motion for traditional summary judgment, in their response they did not explain how that doctrine applies to the facts of this case. They only claimed generally that the cases involved the same operative facts without any explanation or analysis. Aside from bare assertions that the relation back doctrine applied, appellants made no other responsive arguments. Appellants did not specifically state that the Weslaco property claim involved the same operative facts as any other cause of action including the facts pleaded in their original petition in this cause or explain which operative facts were the same. *See Villasan v. O'Rourke*, 166 S.W.3d 752, 765 (Tex. App.—Beaumont 2005, pet. denied) (explaining that it would be the claimants' burden to plead and to produce evidence to show that the relation back doctrine applies).

---

[19] Appellants do not further explain what facts relate back to their causes of action filed in the 332nd District Court. As to how the relation back doctrine applies as to their original petition filed in this cause, appellants state "The original petition alleged 'This lawsuit arises out of a joint venture agreement whereby the parties agreed to develop certain property in Hidalgo County, Texas'" and their Fourth Amended Petition said, "This litigation arises out of a series of transactions involving real property, the construction of improvements on real property, and the ownership of real property." Thus, according to appellants, "These three projects under the joint venture business relationship were not 'wholly based on a new, distinct, or different transaction or occurrence,' but constitute one transaction." However, appellants did not make this argument in their response to appellees' motion for summary judgment. *See id.*

18

Therefore, because appellants failed to point to any evidence in response to appellees' motion for summary judgment that the relation back doctrine applied, the trial court properly granted summary judgment in favor of appellees on that basis. *See id.* We overrule appellants' fifth issue to the extent that they argue that the relation back doctrine saved their untimely filed claims regarding the Edinburg and Weslaco Properties.[20]

## V. THE MISSION PROPERTY

By their sixth issue, appellants argue that appellees did not conclusively prove their right to summary judgment on their claims regarding the Mission Property. Appellees respond that the economic loss rule bars appellants' negligence claims regarding the Mission Property.[21]

## A. Standard of Review

A party may move for summary judgment on the ground that no evidence exists of one or more essential elements of a claim on which the adverse party bears the burden of proof at trial. TEX. R. CIV. P. 166a(i); *Timpte Inds., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). Once the motion is filed, the burden shifts to the nonmovant to produce evidence raising a genuine issue of material fact on the elements specified in the motion. TEX. R. CIV. P. 166a(i); *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006). If the respondent brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact, summary judgment is improper. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003). More than a scintilla of evidence exists when the evidence

---

[20] As a sub-issue to their fifth issue, appellants contend that the economic loss rule did not bar any of their claims. However, we have already held that the statute of limitations barred appellants' causes of action. Thus, this issue is not dispositive. *See* TEX. R. APP. P. 47.4.

[21] Regarding the Mission Property, we will first review the no evidence summary judgment grounds because it is dispositive of this appeal. *See id.*

19

"rises to a level that would enable reasonable and fair-minded people to differ in their conclusions," while less than a scintilla exists when the evidence is "so weak as to do no more than create mere surmise or suspicion." *Id.*; *Reynosa v. Huff*, 21 S.W.3d 510, 512 (Tex. App.—San Antonio 2000, no pet.).

> When reviewing a no-evidence summary judgment, we "review the evidence presented by the motion and response in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not."

*Timpte Inds., Inc.*, 286 S.W.3d at 310.

## B.     Discussion

Although we construe appellants' brief as arguing the applicability of the economic loss rule applies, appellants have not provided any argument with citation to appropriate authority showing that the trial court erred by determining that the economic loss rule bars their negligence based claims regarding the Mission Property.  *See* TEX. R. APP. P. 38.1(i). Therefore, we are unable to reverse the trial court's judgment on this basis.  We overrule appellants' sixth issue to the extent that the appellants allege that the economic loss rule does not apply to their negligence claims regarding the Mission Property.

Next, appellants argue that the trial court improperly granted summary judgment on their breach of contract claim regarding the Mission Property.  Appellees respond that in their response to the motion for no evidence summary judgment, appellants failed to produce any evidence that appellants "tendered [their] half of the financing and [were] making payments as agreed."  Thus, appellees argue that appellants have produced no evidence that appellants performed or tendered performance on the contract.

20

The elements of a breach of contract claim are: (1) there is a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of that breach." *Petras*, 248 S.W.3d at 477. Once appellees challenged any of the elements of breach of contract in a motion for no evidence summary judgment, the burden shifted to appellants to produce summary judgment evidence raising a genuine issue of material fact regarding the challenged element or elements. *See* TEX. R. CIV. P. 166a(i); *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 581–82 (Tex. 2006).

In their motion for no evidence summary judgment, appellees stated that appellants "have failed to produce any evidence that [appellants] tendered [their] half of the financing and [were] making payments as agreed[], as alleged in [the] petition and as obligated under the agreement [appellants] seek to enforce." Thus, the burden was on appellants to produce some evidence raising a genuine issue of material fact regarding whether they performed or tendered performance pursuant to the terms of the contract.

The contract stated, in pertinent part, that appellants and appellees agreed to each pay fifty percent of a promissory note in the amount of $792,000 payable to "Inter National Bank for the purchase money of the real property" in Mission. Both parties also agreed to pay fifty percent of "all other costs and expenses incurred in obtaining the loan from Inter National Bank, the purchase of the real property and all other expenses incurred in the construction, development, construction, sale and lease of the real property." However, appellants did not provide any evidence in their response to appellees' motion for no evidence summary judgment that they had paid fifty percent of the promissory note payable to Inter National Bank or that they had paid fifty percent of "all other costs and

21

expenses." Therefore, appellants did not meet their no evidence summary judgment burden regarding the Mission Property because they failed to address one of the challenged elements. *See* TEX. R. CIV. P. 166a(i); *Mack Trucks, Inc.*, 206 S.W.3d at 581–82. Accordingly, we overrule appellants' sixth issue.

## VI. CONCLUSION

We affirm the trial court's judgment.

<u>**/s/ Rogelio Valdez**</u>
ROGELIO VALDEZ
Chief Justice

Delivered and filed the
20th day of November, 2014.